United States Court of Appeals,

Fifth Circuit.

No. 96-60608.

Robert A. BOURGEOIS, Petitioner,

v.

AVONDALE SHIPYARDS, INC., Director, Office of Worker's Compensation Programs, U.S. Department of Labor, Respondents.

Sept. 9, 1997.

Petition for Review of an Order of the Benefits Review Board.

Before REYNALDO G. GARZA, HIGGINBOTHAM and DAVIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

*Background*

On May 13, 1973, Robert A. Bourgeois ("Bourgeois"), appellant, was employed at Avondale Shipyards, Inc. ("Avondale") when he fell into a barge and, among other things, broke his left wrist. At that time, he was earning $229.90 per week and was paid a weekly Longshoremen's and Harbor Workers' Compensation Act ("LHWCA")[1] benefit of $153.27 for work he missed. Bourgeois returned to work shortly after the incident and worked continuously for ten years until May of 1983 when he was diagnosed with a bone cyst at the site where it was previously injured.

On May 17, 1983, Dr. Gordon McFarland performed surgery on Bourgeois to remove the cyst on his wrist. During the operation, McFarland severed the left lateral femoral nerve, causing a disabling injury to Bourgeois. Avondale voluntarily began paying

---

[1] 33 U.S.C. § 901, *et seq.* (1986).

1

benefits to Bourgeois.  However, he was paid $153.27 a week, a rate based on Bourgeois' earnings at the time of the original accident in 1973.  These benefits were paid from May 17, 1983 to March 15, 1988.

Bourgeois complained throughout this period of compensation, claiming that his rate of compensation should have been based on the earnings as of the date of disability (May 1983) and not the date of injury (May 1973).  This eventually resulted in the filing of an official claim in 1988 to have his benefits raised to the level of earnings at the time of disability.  Originally, this claim was filed because Avondale was allegedly not paying compensation at the proper rate.  However, Bourgeois instituted negligence proceedings against his doctor.  This raised other issues which were ultimately added to this case.

In the midst of Bourgeois' dispute with Avondale over the rate of compensation, Bourgeois filed a medical malpractice suit against Dr. McFarland on November 27, 1985.  Bourgeois was eventually awarded $762,811.00 in that lawsuit and in 1990 received $533,051.00, exclusive of attorneys' fees and expenses.

Bourgeois subsequently sought a formal hearing from Administrative Law Judge C. Richard Avery to resolve the various issues involved the proceedings brought against Avondale.  These issues centered around whether:  (1) Bourgeois' compensation rate should have been based on his average weekly wage at the time his disability began in 1983 rather than the wages he was earning at the time he originally suffered his wrist injury in 1973;  (2) he

2

was entitled to penalties pursuant to § 14(e) and (f) due to Avondale's arbitrary and capricious termination of his benefits in March, 1988; and (3) Avondale's credit pursuant to § 33(f) should have been limited to the actual damages awarded to Bourgeois and should not have included the legal interest which was added as a result of having to wait to receive the money from his malpractice case.

Judge Avery ultimately found that Bourgeois should have been compensated at a rate based on his salary from the time of his disability and that this rate should be $615.77.[2] He also concluded that Bourgeois' net recovery and the amount of Avondale's credit was $533,051.00, an amount which included pre-judgment interest. Finally, he held that penalties pursuant to 33 U.S.C. § 914(f) and (e) would not be assessed against Avondale. In a Supplemental Decision and Order rendered on November 4, 1994, Judge Avery awarded Bourgeois' attorney fees in the amount of $3,750.00 plus expenses totaling $274.38.

Bourgeois appeals this decision from the Administrative Law Judge.

*Discussion*

I. Average Weekly Salary

Bourgeois argues that *Johnson v. Director, Office of Workers Compensation Programs,* 911 F.2d 247 (9th Cir.1990), supports his

---

[2]Judge Avery presents two different figures in his order regarding average weekly salary. One amount is $615.77 and the other is $614.37. The correct amount is $615.77. Accordingly, this is the figure upon which we will base our conclusions.

argument that his weekly wage for the purposes of benefits should be $664.80 and not $615.77. The court in *Johnson* states that compensation should be calculated at the time of disability, not the time of injury. Avondale has already conceded this point. Bourgeois' figure represents the average weekly wage he earned in 1982 based on his 1982 W-2 Form. The Administrative Law Judge's figure represents the average weekly wage earned in the fifty-two weeks prior to his disability of May 17, 1983.

The lower court's method of calculating compensation "at the time of disability" under § 910 of the LHWCA is a fair and reasonable method of determining compensation which we will not disturb on appeal.

II. Credit

The LHWCA provides that an employer who has paid benefits to an employee who later recovers for his injuries from a third party shall receive a credit for the "net amount" recovered against that third party. The statute states that the net amount:

> shall be equal to the actual amount recovered less the expenses reasonably incurred by such person in respect to such proceedings (including reasonable attorneys' fees).

33 U.S.C. § 933(f).

In *Jacques v. Kalmar Industries, AB,* 8 F.3d 272 (5th Cir.1993), we held that the employer's credit attaches to the "total recovery obtained by the injured workman from a third-party defendant, regardless of what that recovery replaces or is termed by the court." *Id.* at 274. Although we interpreted "net amount" to include punitive damages in *Jacques,* we cannot distinguish

4

punitives from pre-judgment interest for purposes of "net amount."

Bourgeois argues that it would be unfair to include prejudgment interest in the amount credited to the employer because that amount represents compensation for the amount of time the employee had to wait before receiving payment.  However, the law of this Circuit as well as the statute control.  As such, the Administrative Law Judge's finding that Avondale was entitled to a credit for the full amount of Bourgeois' net recovery, including pre-judgment interest, is proper.

Applying the $615.77 average weekly wage (and corresponding compensation rate of $410.53 calculated under the LHWCA), Avondale's credit will not amortize until the year 2008.[3]

III. Penalties

Bourgeois claims that the Administrative Law Judge erred in failing to award penalties under either 33 U.S.C. § 914(e) or (f) for Avondale's termination of his benefits on March 15, 1988 and for paying Bourgeois at a compensation rate based on his 1973 wages.  Section 914(f) provides:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof ...

Avondale correctly argues that § 914(f) provides penalties only if an *award* is not paid in a timely manner.  There was no award in

_____

[3]This is calculated by multiplying the weekly compensation rate or $410.53 by fifty-two weeks to obtain an annual compensation of $21,347.56.  Dividing the credit amount of $533,051.00 by this annual compensation reveals a credit for almost twenty-five years.

5

this case as Avondale voluntarily paid benefits to Bourgeois.

Bourgeois alternatively argues that penalties should be assessed under § 914(e). This section provides:

> If any installment of compensation payable without an award is not paid within fourteen days after it becomes due ... there shall be added to such unpaid installment an amount equal to 10 percentum thereof ... unless notice is filed under subdivision (d) of this section ...

Subdivision (d) provides:

> If the employer controverts the right to compensation he shall file with the deputy commissioner on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice ... stating that the right to compensation is controverted ...

Avondale filed its Notice of Controversion on March 11, 1988, and made its last payment on March 16, 1988. There is also no basis for assessing a penalty under § 914(e).

Accordingly, Sections 914(e) and (f) are not applicable to the present case.

IV. Attorneys' fees

Given our decision in *Ingalls Shipbuilding, Inc. v. Director, OWCP,* 991 F.2d 163 (5th Cir.1993), we find that the Administrative Law Judge did not err in reducing all expenses as well as attorneys' fees in its supplemental decision and order.

## *Conclusion*

Based on the foregoing, we accordingly AFFIRM the findings of fact and conclusions of law as submitted by the lower court.