Charles R. KERNS, Petitioner,

v.

CONSOLIDATION COAL COMPANY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 95–2052.

United States Court of Appeals, Fourth Circuit.

April 2, 2001.

ORDER

We have considered the motion of Charles R. Kerns for attorney's fees incurred in his successful appeal before this court which sought to supplement statutory attorney fees awarded pursuant to 33 U.S.C. § 928(a).

Consolidation Coal argues that statutory attorney's fees under § 928(a) are not available for the costs associated with pursuing a petition for attorney's fees. Because Charles Kerns was not awarded enhanced black lung benefits as a result of the appeal, Consolidation Coal argues, attorney's fees are not available for the costs of the appeal. Nonetheless we believe that Kerns did prevail before

this court within the meaning of the fee-shifting statute. 33 U.S.C. § 928(a).

We are persuaded by the reasoning of *Anderson v. Director, OWCP*, 91 F.3d 1322 (9th Cir.1996), in which the Ninth Circuit decided that, because it had held that compensation is available for the cost of pursuing a petition for attorney's fees under the Civil Rights Act pursuant to 42 U.S.C. § 1988, and because the Supreme Court had indicated that federal fee-shifting statutes should be construed uniformly, *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449, (1992), § 928(a) should also compensate for time spent pursuing attorney fees.

 We have also held that § 1988 plaintiffs may seek compensation for the cost of pursuing a petition for statutory attorney's fees under the Civil Rights Act. See *Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir.1986). Applying the same reasoning as the *Anderson* court, we believe that § 928(a) actions should be treated similarly, so that fees awarded under the statute are not diminished by the cost of bringing a legitimate petition for attorney fees.

Kerns seeks attorney's fees for 65.25 hours of work at the rate of $210 per hour, plus $513.04 in miscellaneous litigation expenses. However, Robert Cohen, Kerns' attorney, has advised us that, from time to time, he previously has been awarded attorney's fees by this court at the rate of $180 per hour and we find that $180 per hour is a reasonable rate to apply in this case.

It is accordingly ADJUDGED and ORDERED that the said motion of Charles R. Kerns shall be, and the same hereby is, granted, and Consolidation Coal is ordered to pay directly to Kerns' attorney, Robert Cohen, the sum of $12,258.04 as compensation for his attorney's fees and expenses incurred while pursuing statutory attorney's fees on appeal.

It is further ORDERED that the said Cohen is awarded, in addition to the attorneys fees and expenses mentioned just above, the two sums of $2,765.00 and $1,655.74 for delay in payment as decided in the decision of Administrative Law Judge Burke in *Kerns v. Consolidation Coal Company, et al.*, No.1981 BLA 9688, Oct. 18, 2000.

With the concurrence of Judge Wilkins.*

---

* Judge Chapman was originally a member of the panel which heard this case but has not participated in this aspect of the case. This order is entered by a quorum of the panel under 28 U.S.C. § 46(d).