PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

VIRGINIA INTERNATIONAL TERMINALS,
INC.,

*Petitioner,*

v.

BENNY R. EDWARDS; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

*Respondents.*

No. 04-1338

On Petition for Review of an Order
of the Benefits Review Board.
(03-0244-BRB)

Argued: December 2, 2004

Decided: February 16, 2005

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

Reversed by published opinion. Judge Luttig wrote the opinion, in
which Judge Motz and Judge Duncan joined.

## COUNSEL

F. Nash Bilisoly, IV, VANDEVENTER BLACK, L.L.P., Norfolk,
Virginia, for Petitioner. Gregory Edward Camden, MONTAGNA,
KLEIN, CAMDEN, L.L.P., Norfolk, Virginia, for Respondents.

**OPINION**

LUTTIG, Circuit Judge:

Petitioner Virginia International Terminals ("VIT") petitions for review of an order of the Benefits Review Board of the United States Department of Labor, which granted attorney's fees to respondent Benny R. Edwards on a supplemental claim for compensation under the Longshore and Harbor Worker's Compensation Act (LHWCA). Because we hold that Edwards is not entitled to an award of attorney's fees under the LHWCA, we reverse the judgment of the Benefits Review Board.

I.

Edwards was injured on February 22, 2002, while working as an employee of VIT. He filed an LS-203 "Claim for Compensation" form with the Office of Workers' Compensation Programs ("OWCP") on February 28, 2002, seeking disability compensation under the LHWCA. J.A. 7. In response to this filing, VIT voluntarily paid Edwards temporary total disability benefits for a period beginning on February 26, 2002, and filed a "Payment of Compensation Without Award" form with the OWCP, dated March 18. J.A. 8. VIT terminated those disability payments as of March 31, 2002, because a doctor had cleared Edwards to resume work on April 1. J.A. 9. Thus, within eighteen days of the initial filing of Edwards' claim related to the February 22 injury, VIT voluntarily paid him disability benefits for the period from February 26 through March 31.

Several months later, on July 29, 2002, Edwards' counsel sent a brief letter to the Program Director at OWCP, requesting disability benefits relating to the same February 22 injury for the period from February 23 through February 25 and requesting "a conference on the issue of temporary total disability benefits" for that period. J.A. 10. On August 1, the district director replied with a letter to Edwards' counsel, requesting medical evidence to support his demand for additional benefits and noting that VIT's representative claimed that "there was no support of loss time [sic] until February 26th." J.A. 38. Edwards' counsel replied on August 26, declining to provide medical support and requesting formal adjudication before an ALJ. J.A. 50-51.

On August 27, rather than undergoing formal adjudication, VIT paid benefits for the three contested days. J.A. 13. At no point did the district director hold an informal conference or issue a written recommendation on the issue of the three days' supplemental benefits claimed by Edwards.

Subsequently, Edwards' counsel filed a petition for $117.00 of attorney's fees for work in connection with the request for the three days' supplemental benefits. J.A. 15-16. VIT objected to the fee petition, and the ALJ denied the petition on the grounds that fees were not authorized by 33 U.S.C. § 928(b). J.A. 17. On appeal, the Benefits Review Board reversed the ALJ's decision and held that attorney's fees were due pursuant to 33 U.S.C. § 928(a). J.A. 68-71. VIT now petitions for review of the Board's order, arguing that neither section 928(a) nor section 928(b) authorizes a fee award in this case.

## II.

We review the Benefits Review Board's interpretation of the LHWCA de novo, because the Board is not a policy-making agency and its statutory interpretation is thus not entitled to any special deference from the court. *Potomac Electric Power Co.* v. *Director, Office of Worker's Compensation Programs*, 449 U.S. 268, 279 n.18 (1980); *Gilchrist* v. *Newport News Shipbuilding & Dry Dock Co.*, 135 F.3d 915, 918 (4th Cir. 1998).

Section 928 of the LHWCA provides for attorney's fees in two relevant sets of circumstances. First, section 928(a) provides for a fee award in cases where the employer refuses to pay any compensation after the filing of a claim and the claimant subsequently successfully prosecutes the claim with the assistance of an attorney:

> If the employer or carrier declines to pay any compensation on or before the thirtieth day *after receiving written notice of a claim for compensation having been filed from the deputy commissioner*, on the ground that there is no liability for compensation within the provisions of this chapter and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of

> his claim, there shall be awarded . . . a reasonable attorney's fee against the employer or carrier . . . .

33 U.S.C. § 928(a) (emphasis added). Second, section 928(b) provides for a fee award in cases where the employer initially pays voluntary compensation and a subsequent dispute arises about total amount of compensation due — but only in highly specified circumstances:

> If the employer or carrier pays or tenders payment of compensation without an award . . . and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, *the deputy commissioner or Board shall set the matter for an informal conference* and following such conference the deputy commissioner or Board *shall recommend in writing a disposition of the controversy.* If the employer or carrier refuse to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. *If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee . . . shall be awarded* in addition to the amount of compensation. . . . *In all other cases any claim for legal services shall not be assessed against the employer or carrier.*

33 U.S.C. § 928(b) (emphases added). VIT argues that neither of these provisions entitles Edwards to a fee award. We agree.

## A.

First, contrary to the Board's interpretation, Edwards is not entitled to attorney's fees under the plain language of section 928(a). That section authorizes a fee award only if "the employer . . . declines to pay *any* compensation on or before the thirtieth day after having received written notice of a claim for compensation having been filed

from the deputy commissioner . . . ." 33 U.S.C. § 928(a) (emphasis added). VIT contends that this section is inapplicable because VIT voluntarily paid Edwards compensation for the February 22 injury by March 18, within thirty days of the February 28 filing of his LS-203 form. In contrast, Edwards argues that the submission of his informal July 29 letter to the Program Director constituted a separate "claim for compensation having been filed" within the meaning of section 928(a), and that VIT's initial refusal to pay the additional three days' benefits on that *supplemental* claim constituted "declin[ing] to pay any compensation" on that "claim." 33 U.S.C. § 928(a).

We reject Edwards' argument for two reasons. First, the most natural reading of the phrase "filing a claim" refers to a formal action that initiates a legal proceeding, rather than an informal action that seeks to alter or amend a pre-existing settlement on a prior claim. *See*, *e.g.*, *Webster's Third New International Dictionary* 849 (1986) (defining "file" as "to place (as a paper or instrument) on file among the legal or official records esp. by *formally* receiving, endorsing, and entering" and "to perform the *first* act of (as a lawsuit): *commence*" (emphases added)); *Black's Law Dictionary* 642 (7th ed. 1999) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record" and "to commence a lawsuit"). Moreover, the context in which the phrase is used, namely a statutory provision that carefully details the procedural conditions for a fee award, confirms that this narrow and unambiguous meaning of the phrase is correct, rather than the broad, vague meaning of "filing a claim" that Edwards would ascribe. *See Brown* v. *Gardner*, 513 U.S. 115, 118 (1994) ("The meaning of statutory language . . . depends on context."). Thus Edwards' submission of an informal letter, referring back to a claim previously "filed" via the requisite LS-203 form and requesting a modification of the benefits received for the same injury, did not constitute a "claim for compensation having been filed" under section 928(a).

Second, under a longstanding canon of interpretation, adjacent statutory subsections that refer to the same subject matter — here, attorneys' fee awards under the LHWCA — must be read *in pari materia* as if they were a single statute. *See United States* v. *Srnsky*, 271 F.3d 595, 602 (4th Cir. 2001) (holding that the language in adjacent statutory subsections must be read *in pari materia*). This canon applies

squarely to the adjacent subsections 928(a) and 928(b) of title 33. But, as quoted above and discussed below, section 928(b) exhaustively specifies conditions for fee awards in circumstances where, as here, the employer initially pays compensation voluntarily after the filing of a claim, but then refuses a supplemental request for benefits on the same claim. *See* 33 U.S.C. § 928(b) ("If the employer or carrier pays or tenders payment without an award . . . and thereafter a controversy develops over the amount of *additional compensation*, if any, to which the employee may be entitled . . . ." (emphasis added)). Congress' specification in section 928(b) of detailed conditions for fee awards in disputes about *supplemental* benefits on voluntarily paid claims would have no effect whatsoever if, as Edwards urges, the applicant's submission of a letter that created a "controversy . . . over the amount of additional compensation" under section 928(b) also constituted "a claim for compensation having been filed" under section 928(a). Every dispute about supplemental benefits would be governed by the less stringent conditions of section 928(a), and the more stringent conditions of section 928(b) would be rendered superfluous. Therefore, reading section 928(a) as *in pari materia* with section 928(b), it is evident that Edwards' letter of July 29 did not constitute "a claim for compensation having been filed," and section 928(a) authorizes no fee award for him.

In holding to the contrary, the Board relied principally on *Pool Co. v. Cooper*, 274 F.3d 173 (5th Cir. 2001), which held an employer liable for attorney's fees under section 928(a), despite the fact that the employer had voluntarily paid benefits prior to the filing of any claim — and then refused to pay once a formal claim was filed. *Id.* at 186-87. But *Pool Co.* is inapposite because, in that case, the employer's voluntary payment was *prior to* any formal filing by the applicant: the employee was injured, the employer voluntarily paid benefits, and *then* the employee filed a formal claim, *after* which the employer declined any further compensation. *See id.* Therefore, in *Pool Co.* the conditions of section 928(a) were unambiguously fulfilled. *See* 33 U.S.C. § 928(a) ("If the employer or carrier declines to pay any compensation . . . *after* receiving written notice of a claim for compensation having been filed . . . ." (emphasis added)); *Richardson* v. *Continental Grain Co.*, 336 F.3d 1103, (9th Cir. 2003) ("Fees under subsection (a) are available even though the Company voluntarily paid compensation *before* receiving notice of the claim. The relevant

time period we look to for determining whether the employer 'declined to pay any compensation' *begins with receiving notice of the claim*, and ends thirty days after." (emphases added)). In contrast, here VIT voluntarily paid benefits within thirty days *after* Edwards' formal claim, thereby rendering section 928(a) inapplicable. We thus conclude that Edwards was not entitled to a fee award under section 928(a).

B.

Likewise, as the ALJ initially held, Edwards is not entitled to a fee award under section 928(b). Where "the employer or carrier pays or tenders payment of compensation without an award . . . and thereafter a controversy develops over the amount of additional compensation," section 928(b) requires *all* of the following: (1) an informal conference, (2) a written recommendation from the deputy or Board, (3) the employer's refusal to adopt the written recommendation, and (4) the employee's procuring of the services of a lawyer to achieve a greater award than what the employer was willing to pay after the written recommendation. *Id*. None of these four conditions is fulfilled in Edwards' case, because the district director never held an informal conference or issued a written recommendation on the supplemental claim.* The failure to hold an informal conference or issue a written recommendation is fatal to a claim for attorney's fees under the plain terms of section 928(b). *See Pool Co.*, 274 F.3d at 186 ("[N]o informal conference with the Department of Labor ever took place. . . . [T]hat fact poses an absolute bar to an award of attorney's fees under

---

*At oral argument, Edwards' counsel suggested that the Director's individual communications with the parties by telephone and the letter of August 1, taken collectively, could be treated as an "informal conference," and that the August 1 letter could be treated as a "written recommendation." But even if it were plausible to treat the phone calls and letter as a *de facto* "informal conference," it is obvious that the letter, which merely demanded medical evidence to *support* the supplemental claim, did not constitute a "written recommendation" for the *disposition* of that claim under section 928(b). *See* J.A. 38 ("If you want the 23rd to the 25th of February paid, then provide medical to support the claim. [VIT's agent] says that there was no support of loss time until February 26th and she paid that.").

§ 28(b)."); *Todd Shipyards Corp.* v. *Director, Office of Workers' Compensation Programs*, 950 F.2d 607, 608 (9th Cir. 1991) ("Section 928(b) does not authorize the payment of attorneys' fees for services performed by a claimant's attorney, unless the record shows that the employer or carrier refused to accept the written recommendation of the claims examiner following an informal conference.").

Edwards protests that, despite the word "shall" in section 928(b), the decision to hold an informal conference actually lies within the discretion of the District Director. *See* 20 C.F.R. § 702.311. But the fact that the District Director has power to determine whether the conditions of section 928(b) are satisfied does not nullify those mandatory statutory conditions. *See Sidwell* v. *Express Container Servs., Inc.*, 71 F.3d 1134, 1138 (4th Cir. 1995) ("[F]aithful to our promise, we will interpret the [LHWCA] as it is written, and as we have been instructed by the Supreme Court to do with respect to this very Act."). Plainly, under section 928(b), a fee award is not available absent an informal conference and written recommendation. None occurred here, and so Edwards was not entitled to a fee award under this subsection.

## CONCLUSION

Because neither section 928(a) nor section 928(b) authorizes a fee award in this case, the judgment of the Benefits Review Board is reversed and the case is remanded with instructions that judgment be entered in favor of petitioner VIT.

*REVERSED*