**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,

*Petitioner,*

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS; DAVID
HASSELL,

*Respondents.*

No. 05-2406

On Petition for Review of an Order of
the Benefits Review Board.
(05-260)

Argued: September 20, 2006

Decided: February 7, 2007

Before WILLIAMS and TRAXLER, Circuit Judges,
and Henry F. FLOYD, United States District Judge for the District
of South Carolina, sitting by designation.

Petition denied by published opinion. Judge Floyd wrote the opinion,
in which Judge Williams and Judge Traxler joined.

## COUNSEL

**ARGUED:** Jonathan Henry Walker, MASON, MASON, WALKER
& HEDRICK, P.C., Newport News, Virginia, for Petitioner. Rita A.
Roppolo, UNITED STATES DEPARTMENT OF LABOR, Office of

the Solicitor, Washington, D.C.; Gregory Edward Camden, MONTA-GNA, KLEIN, CAMDEN, L.L.P., Norfolk, Virginia, for Respondents. **ON BRIEF:** Charlene Parker Brown, MONTAGNA, KLEIN, CAMDEN, L.L.P., Norfolk, Virginia, for Respondent David Hassell; Howard M. Radzely, Solicitor of Labor, Allen H. Feldman, Associate Solicitor, Mark A. Reinhalter, Counsel for Longshore, UNITED STATES DEPARTMENT OF LABOR, Office of the Solicitor, Washington, D.C., for Federal Respondent.

---

**OPINION**

FLOYD, District Judge:

Newport News Shipbuilding and Dry Dock Company (Newport News) petitions this Court for review of a decision and order of the Benefits Review Board (BRB), which granted attorney's fees to David Hassell under the Longshore and Harbor Workers' Compensation Act (LHWCA). For the reasons stated below, we deny the petition for review.

I.

Hassell was injured on April 21, 2002, while working as an employee of Newport News. Newport News paid temporary total disability benefits to Hassell for the period from April 22, 2002, to August 4, 2002. On May 6, 2003, Hassell's treating orthopedic physician opined that Hassell had reached his maximum medical improvement and assigned a nineteen percent permanent partial disability rating. (J.A. at 40.) Hassell's counsel sent a letter to Newport News on May 18, 2003, inquiring as to its position concerning the payment of benefits to Hassell. (J.A. at 39.) In response, on May 27, 2003, Newport News submitted proposed stipulations to Hassell. (J.A. at 41-43.) Included in the proposed stipulations, at paragraph seven, was the statement, "That the parties are aware of no other outstanding compensation issues as of the date of execution of these Stipulations." (J.A. at 43.) Hassell's counsel returned the stipulations on June 6, 2003, having deleted the above-referenced statement at paragraph seven. (J.A. at 47-49.) Newport News responded, stating that it could

not endorse the modified stipulations and requesting that Hassell sign the original stipulations, including the statement at paragraph seven. (J.A. at 52-54.)

After resubmitting the original stipulations, Newport News filed a notice of controversion on June 17, 2003, noting as the reason a challenge to the extent of permanent disability pending a second opinion. (J.A. at 5.) Thereafter, on June 22, 2003, and June 23, 2003, Hassell's counsel wrote to the Department of Labor, requesting an informal conference on the issue of Hassell's entitlement to a nineteen percent permanent partial disability rating. (J.A. at 6-7.) The District Director responded on June 25, 2003, stating that the position of the Office of Workers' Compensation Programs was that 1) Newport News should begin payments of the rating with which it had no disagreement and 2) Hassell was not required to sign the stipulations as a condition to receive compensation. (J.A. at 8.) On July 3, 2003, Hassell's counsel submitted his LS-18 pre-hearing statement for a rating. (J.A. at 9-10.)

Newport News filed a motion to compel Hassell to disclose what issues remained on October 24, 2003. (J.A. at 11-15.) The Administrative Law Judge (ALJ) granted the motion to compel on November 21, 2003. (J.A. at 35.) Hassell responded to the ALJ's order, stating that there were no other outstanding issues. (J.A. at 56.) At the scheduled formal hearing on January 14, 2004, the parties agreed to the stipulations without the questionable language, and the ALJ entered an order based on these stipulations. (J.A. at 61-62.)

Hassell's counsel subsequently submitted a fee petition to the ALJ. (J.A. at 68.) Newport News objected to the petition, arguing that it had tendered compensation under the statute. Additionally, Newport News challenged specific entries, the hourly rate, and the specificity of the petition. The ALJ found that Newport News could not avoid liability for the fees because the "tender" did not demonstrate a willingness to pay compensation. (J.A. at 69-70.) The ALJ, however, reduced the hourly rate, reduced certain entries and disallowed other entries. (J.A. at 71.) Thereafter, Newport News appealed and Hassell cross-appealed the order of the ALJ. (J.A. at 74.) The BRB affirmed the ALJ's decision. (J.A. at 74-78.) Newport News now petitions this Court for review of the BRB's award of attorney's fees.

## II.

We review the BRB's interpretation of the LHWCA de novo. *Potomac Elec. Power Co. v. Dir., OWCP*, 449 U.S. 268, 279 n.18 (1980). The BRB is not a policymaking agency; thus, its interpretation of the LHWCA is not entitled to any special deference from the Court. *Id.*

### A.

Section 928(b) provides, in relevant part:

> If the employer or carrier pays or tenders payment of compensation without an award . . . and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following such conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy. If the employer or carrier refuse to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee . . . shall be awarded in addition to the amount of compensation.

33 U.S.C. § 928(b). Newport News argues that Hassell is not entitled to a fee award under this provision because Hassell failed to obtain greater compensation by litigating the case. We disagree.

### B.

As threshold requirements under § 928(b), an employer must pay or tender payment of compensation without an award and a controversy must develop over the amount of additional compensation to

which the employee may be entitled. Once these thresholds are satisfied, § 928(b) requires all of the following before attorney's fees may be awarded: "(1) an informal conference, (2) a written recommendation from the deputy or Board, (3) the employer's refusal to adopt the written recommendation, and (4) the employee's procuring of the services of a lawyer to achieve a greater award than what the employer was willing to pay after the written recommendation." *Va. Int'l Terminals, Inc. v. Edwards*, 398 F.3d 313, 318 (4th Cir. 2005). Here, each of these events has occurred.

1.

The threshold requirements of § 928(b) are satisfied: Newport News paid temporary total disability benefits without an award for the period from April 23, 2002, through August 4, 2002, and, thereafter, a controversy developed over the amount of additional compensation to which Hassell was entitled for permanent partial disability. After Hassell's treating orthopedic physician opined that Hassell had reached maximum medical improvement, Hassell requested additional compensation based on a nineteen percent permanent partial disability rating. Although Newport News did not initially dispute the amount of compensation, it included in its proposed stipulations the statement, "That the parties are aware of no other outstanding compensation issues as of the date of execution of these Stipulations." A controversy developed over the inclusion of this statement in the stipulations.

Hassell deleted the statement, signed the stipulations and returned them to Newport News. Newport News then refused to endorse this modification to the stipulations and again requested Hassell to sign the stipulations, with the original statement included. Thereafter, Newport News filed a notice of controversion, challenging the extent of permanent disability pending a second opinion. Therefore, a controversy developed not only over the inclusion of the language in the stipulations, but also over the amount of compensation.

2.

The remaining requirements of § 928(b) are also met. First, the letters between Newport News and Hassell and to the District Director

serve as the "functional equivalent of an informal conference." *Matulic v. Dir., OWCP*, 154 F.3d 1052, 1060 (9th Cir. 1998) (stating that the issuance of a written recommendation, alone, is the "functional equivalent of an informal conference" for purposes of determining a claimant's entitlement to attorney's fees). This Court was previously presented with a similar situation in which the employee's counsel argued that the District Director's communications with the parties by telephone and letter could be treated collectively as an informal conference and that the District Director's letter could be treated as a written recommendation. *Va. Int'l Terminals, Inc. v. Edwards*, 398 F.3d 313, 318 n.\* (4th Cir. 2005). The Court rejected that argument, without deciding whether written communication could be treated as an informal conference, because the District Director's letter did not constitute a written recommendation. *Id.* Here, however, the District Director did issue a written recommendation after receiving the request for an informal conference. Thus, we must revisit whether written communication may be treated as an informal conference.

The Code of Federal Regulations affords the District Director much discretion for handling claims and conducting informal conferences. 20 C.F.R. § 702.314 states that such conferences should generally be held at the District Director's office; however, they may be held at any place which will be of greater convenience to the parties. In fact, 20 C.F.R. § 702.311 provides that some cases may be handled by written correspondence. Thus, in Hassell's case, the letters constitute an informal conference.

Second, the District Director's June 25, 2003, letter was a written recommendation. As noted above, after receiving the letter requesting an informal conference, the District Director responded, stating that the position of the Office of Workers' Compensation Programs was that Newport News should begin payments of the rating with which it had no disagreement and that Hassell was not required to sign the stipulations as a condition to receive compensation. Thus, we find that the District Director issued a written recommendation.

Third, Newport News refused to adopt the District Director's recommendation. Newport News never changed its initial offer, which included the challenged language in the stipulations. Finally, Hassell

refused to sign the stipulations with that language included and utilized the services of a lawyer to receive an award "greater than the amount paid or tendered" by Newport News. *Id.*

Newport News argues that Hassell failed to obtain greater compensation by litigating this case because Newport News tendered payment of compensation at a nineteen percent rating and Hassell ultimately was awarded compensation at a nineteen percent rating. However, Newport News refused to adopt the written recommendation and continued to condition its offer of payment on Hassell's signing a stipulation he was not required to sign. Thus, Newport News failed to make a valid tender because its offer was conditional.\* *See Black's Law Dictionary* 1507 (8th ed. 2004) (defining "tender" as "an unconditional offer of money or performance to satisfy a debt or obligation"). In the end, after litigating the issue, Hassell obtained compensation at a nineteen percent rating, but without the inclusion of the challenged stipulation. Accordingly, he obtained a greater award than he was able to achieve prior to litigating this case.

III.

In sum, because Hassell satisfied all of the requirements of § 928(b), he is entitled to an award of attorney's fees. Accordingly, the petition for review is denied.

*PETITION DENIED*

---

\*Our case law establishes that a tender of additional compensation is not required for an employer to be liable for attorney's fees if the employee uses an attorney to obtain additional compensation. *See Va. Int'l Terminals, Inc. v. Edwards*, 398 F.3d 313, 318 (4th Cir. 2005 (stating that after satisfaction of the threshold requirements, payment of fees under § 928(b) is dependent upon "all of the following: (1) an informal conference, (2) a written recommendation from the deputy or Board, (3) the employer's refusal to adopt the written recommendation, and (4) the employee's procuring of the services of a lawyer to achieve a greater award than what the employer was willing to pay after the written recommendation").