# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 10-60075

Lyle W. Cayce
Clerk

JAMES CAREY,

Petitioner

v.

ORMET PRIMARY ALUMINUM CORPORATION; DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents

Petition for Review of an Order of the Benefits Review Board
BRB No. 09-0462

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:

Petitioner James Carey ("Carey") seeks review of a Benefits Review Board ("BRB") order denying him attorney's fees under § 28(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*[1] We GRANT the petition for review, VACATE the decision of the BRB, and REMAND for further proceedings consistent with this opinion.

---

[1] The Office of Worker's Compensation Programs, United States Department of Labor, is a nominal respondent in this matter but is aligned with Carey and participated in briefing.

No. 10-60075

**FACTS AND PROCEEDINGS**

Carey was injured while working as a longshoreman for Respondent Ormet Primary Aluminum Corporation ("Ormet"). Ormet voluntarily paid Carey benefits under the LHWCA based upon an average weekly wage ("AWW") of $1423.92. Later, Ormet informed Carey that it believed that certain holiday, vacation, and container royalty benefits (collectively, "premium pay") were improperly included in the calculation of Carey's AWW, and Ormet sought an informal conference to resolve the controversy. *See* 33 U.S.C. § 928(b) (requiring that, in the event that a dispute arises as to the amount of compensation to which a claimant may be entitled, the deputy commissioner[2] shall set the matter for an informal hearing and issue a written recommendation). At the conference, Ormet argued that Carey's AWW was properly calculated as $1,169.33, an amount that reflected the exclusion of premium pay. The district director rejected Ormet's argument and issued a written memorandum of informal conference recommending that Ormet continue to pay benefits based upon an AWW of $1423.92.

It is undisputed that Ormet contested the district director's decision by requesting a formal hearing before an Administrative Law Judge ("ALJ"). The parties also agree that Ormet continued to make payments to Carey based upon an AWW of $1423.92 through the time of the hearing before the ALJ. The parties differ, however, in their characterization of the post-informal conference payments. Carey argues that Ormet's decision to request a formal hearing before the ALJ to reargue that the AWW was properly calculated as $1,169.33 was a refusal to accept the district director's recommendation. Ormet does not contend that it accepted the recommendation, but suggests that because it voluntarily

---

[2] "The statutory term 'deputy commissioner' and the current administrative designation 'district director' are interchangeable terms." *Craven v. Dir., OWCP*, 604 F.3d 902, 904 n.1 (5th Cir. 2010).

No. 10-60075

continued payments based upon the district director's recommended AWW, it did not refuse that recommendation.[3]

After a formal hearing, the ALJ rejected Ormet's argument that Carey's AWW should not include premium pay. The ALJ also, however, determined that Carey's AWW was properly calculated as $1,369.15. Although the court cannot divine how the ALJ arrived at this figure,[4] it is ultimately irrelevant. It is undisputed that the ALJ rejected Ormet's argument and that its calculation included premium pay.[5] As explained below, in light of our disposition of this case, we need not resolve the confusion. The ALJ also gave Carey's counsel thirty days to file an application for attorney's fees. Carey filed a petition for fees, seeking to shift liability to Ormet under § 28(b) of the LHWCA. The ALJ denied the petition, finding that attorney's fees were inappropriate under § 28(b) "as no greater compensation was ever received after the informal conference." Carey moved for reconsideration, which the ALJ denied. Carey appealed to the BRB, which affirmed the ALJ's decision. Carey timely petitioned this court for review.

---

[3] The record reflects that Ormet did so pursuant to an agreement between counsel—Carey had a simultaneous lawsuit pending against the owner of the ship aboard which he was injured, and the statute provides "that an employer who has paid benefits to an employee who later recovers for his injuries from a third party shall receive a credit for the 'net amount' recovered against that third party." *Bourgeois v. Avondale Shipyards*, 121 F.3d 219, 221 (5th Cir. 1997) (citing 33 U.S.C. § 933(f)). This court ultimately affirmed an award in Carey's favor against the shipowner, and Ormet was reimbursed over $300,000, representing the full amount of benefits paid under the LHWCA. *See Carey v. Hercules Ocean Corp.*, 321 F. App'x 402 (5th Cir. 2009).

[4] While the parties agree that Ormet made pre-hearing payments to Carey based on an AWW of $1,423.92, the ALJ erroneously stated that Ormet had used an AWW of $1,369.15. Carey characterizes the ALJ's calculation as a "technical reduction." The federal respondent offers no explanation, but notes that a calculation based upon Carey's earnings as stipulated to by the parties would properly be $1,400.17. Ormet offers no explanation for the ALJ's calculation, but highlights the fact that the ALJ-determined AWW is lower than the pre-hearing AWW.

[5] Ormet did not appeal the ALJ's decision that Carey's AWW properly included premium pay.

No. 10-60075

## DISCUSSION

### A.   Standard of Review

"This Court conducts a de novo review of the BRB's rulings of law, owing them no deference because the BRB is not a policymaking agency." *Pool Co. v. Cooper*, 274 F.3d 173, 177 (5th Cir. 2001) (citations omitted). "But this court does afford *Skidmore* deference to the Director's interpretations of the LHWCA. . . . Under this approach, the amount of deference owed the Director's interpretation will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Avondale Inds., Inc. v. Alario*, 355 F.3d 848, 851 (5th Cir. 2003) (citing *United States v. Mead Corp.*, 533 U.S. 218, 228 (2001) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944))).

### B.   Shifting Attorney's Fees Under § 28(b) of the LHWCA

Sections 28(a)–(b) of the LHWCA are codified as 33 U.S.C. §§ 928(a)–(b) and provide two bases for awarding attorney's fees upon successful prosecution of a LHWCA claim. The parties agree that § 28(a) is not at issue. In relevant part, § 28(b) provides:

> If the employer or carrier pays or tenders payment of compensation without an award pursuant to section 14(a) and (b) of this Act [33 U.S.C. § 914(a) and (b)], and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following such conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy. If the employer or carrier refuse to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter

4

No. 10-60075

> awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation. . . . In all other cases any claim for legal services shall not be assessed against the employer or carrier

33 U.S.C. § 928(b). "From this comprehensive scheme regulating attorney's fees we discern a Congressional intent that when an employer contests its liability for compensation in whole or in part and the claimant is ultimately successful, the employer and not the claimant must pay the claimant's attorney's fees for services necessary to that success regardless of how close a case might be which is litigated but finally lost by (the employer)." *Hole v. Miami Shipyards Corp.*, 640 F.2d 769, 774 (5th Cir. Unit B 1981) (discussing § 928).

"[S]ection 928(b) requires all of the following: (1) an informal conference, (2) a written recommendation from the deputy or Board, (3) the employer's refusal to adopt the written recommendation, and (4) the employee's procuring of the services of a lawyer to achieve a greater award than what the employer was willing to pay after the written recommendation." *Va. Int'l Terminals, Inc. v. Edwards*, 398 F.3d 313, 318 (4th Cir. 2005) (Luttig, J.) (*quoted in Andrepont v. Murphy Exploration & Prod. Co.*, 566 F.3d 415, 421 (5th Cir. 2009)).

Here, it is undisputed that the first two requirements are met. We have little difficulty concluding that third requirement is also satisfied. Although Ormet suggests its voluntary continuation of payments after the informal conference is not a refusal to adopt the director's written recommendation, the director's recommendation was that "the proper AWW in this case is $1,423.92," a figure that reflected the inclusion of Carey's premium pay. The record reflects that Ormet sought a formal hearing on the issue of "whether [the premium pay] received by Mr. Carey . . . should be included in AWW calculations?" Irrespective of any voluntary continuation of payment, Ormet sought to overturn the

5

No. 10-60075

director's recommendation through litigation. Ormet's attempt to avoid characterization of its actions as a refusal of the director's recommendation borders on frivolous.

This dispute arises out of § 28(b)'s fourth requirement. We are confronted with the following situation: an employer actively argues it owes an employee one amount, but voluntarily pays the employee a second, higher, director-recommended amount.[6] The ALJ then rules against the employer, but awards a third, middle amount—greater than the amount the employer concedes it owes, but lower than the amount recommended by the director. Ormet argues that because the ALJ-determined final award did not exceed the amount it voluntarily paid to Carey following the director's informal conference, the plain language of § 28(b) precludes any shifting of attorney's fees. It reasons that the statute provides for attorney's fees only ". . . if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier . . . ." *Id.* Carey and the federal respondent counter that Ormet's, and the BRB's, reading of the statute omits a critical qualifier—that the sentence preceding "the amount paid or tendered by the employer" makes it clear that this amount means "the additional compensation, if any, to which they [the employer] believe the employee is entitled." *Id.*

We have previously confronted a similar situation. In *Savannah Machine & Shipyard Co. v. Director, Office of Workers' Compensation Programs,* an employee submitted a claim for compensation under the LHWCA. 642 F.2d 887, 888 (5th Cir. Unit B 1981). The employer commenced paying benefits, but later questioned "whether and to what the extent [the employee] was disabled by his injury." *Id.* The employer sought a hearing to resolve the controversy but continued to pay compensation. The ALJ ruled in the employee's favor, finding

---

[6] The employer agreed to make higher payments pending the outcome of the case. *See supra* note 3.

he was totally and permanently disabled, but also found that the employee's total disability was due in part to a prior disability. *Id*. As a result, the employer was due a reimbursement. *Id*. The ALJ awarded attorney's fees under § 28(b) and the BRB affirmed, "[f]inding that the [employer's] resistance of Mr. Floyd's claim necessitated the efforts of his attorney, the Benefits Review Board held that the [employer] was liable for the fees." *Id*.

On appeal, the employer in *Savannah Machine* contended that it was not liable for attorney's fees under § 28(b) on two grounds: 1) the employee "accepted payment from the [employer]; and 2) the employer "was not found to be liable to [the employee] for any greater amount than it had already paid." *Id*. The court rejected the employer's first argument, observing "that Section 28(b) contains the requirement that 'the employee refus(e) to accept such payment or tender of compensation.' But we do not accept the [employer's] underlying premise that a deserving claimant who accepts some compensation is later precluded from collecting attorney's fees incurred in an action to recover adequate compensation under the Act." *Id*. at 889. The court additionally rejected the employer's second argument, finding that "the [employer] disputed the existence as well as the extent of [the employee's] disability. Due to the [employer's] actions [the employee] was forced to retain counsel to protect his interest. [The employee] was ultimately awarded compensation exceeding that which the [the employer] admitted was due." *Id*. at 890; *see also Pool Co. v. Cooper*, 274 F.3d 173, 186 (5th Cir. 2001) (discussing § 28(b)'s requirements and noting the employee "subsequently did obtain a compensation award *in excess of what* [*the employer*] *was willing to pay*") (emphasis added); *Day v. James Marine, Inc.*, 518 F.3d 411, 415 (6th Cir. 2008) (section 28(b) "requires . . . the claimant's use of an attorney to obtain more compensation *than the employer was willing to pay.*") (emphasis added); *Newport News Shipbuilding & Dry Dock Co. v. Dir., OWCP*, 477 F.3d 123, 126 (4th Cir. 2007) (a "threshold requirement[]" of § 28(b) is "the employee's

No. 10-60075

procuring of the services of a lawyer to achieve a greater award than what the employer was willing to pay after the written recommendation.").

This case is nearly indistinguishable from *Savannah Machine*.[7] Like the employee in *Savannah Machine*, Carey was temporarily paid an amount higher than the amount "to which [Ormet] believe[d] the employee is entitled." 338 U.S.C. § 928(b).[8] Ormet sought a formal hearing before an ALJ to argue for a reduction in the benefit amount it was paying—a reduction to the amount "to which [the employer] believe[d] the employee is entitled." *Id.* Although Carey accepted some compensation, he is not "precluded from collecting attorney's fees incurred in an action to recover adequate compensation under the Act."[9] *See Savannah Machine*, 642 F.2d at 889. Carey "thereafter utilize[d] the services of an attorney at law" to obtain an award "greater than the amount" to which Ormet believed he was entitled. 33 U.S.C. § 928(b); *see also Savannah Machine*, 641 F.2d at 890.

---

[7] Ormet suggests that *Savannah Machine* is not binding authority because it is a *per curiam* opinion. We note that, although as Judge Nygaard has facetiously pointed out, "Judge Per Curiam is statistically less windy than its named colleagues," a per curiam opinion is just as binding as a signed opinion if it is published. *See* Richard Lowell Nygaard, *The Maligned Per Curiam: A Fresh Look at an Old Colleague*, 5 SCRIBES J. LEG. WRITING 41, 47 (1994–95).

[8] Ormet contends that *Savannah Machine* can be distinguished on grounds that the employer in that case contested the claimant's entitlement to any benefits. There is no basis for such a distinction. First, the employer in *Savannah Machine* contested *both* "the existence as well as the extent of the [employee's] disability" before the ALJ, prevailing on the latter. Second, "Section 28(b) speaks of the difference between the amount ultimately awarded the employee and the amount previously tendered or paid by the employer; obviously, the section contemplates coverage in cases in which the employer has paid, and hence the employee has accepted, partial compensation." *Savannah Machine*, 642 F.2d at 890 n.7.

[9] Ormet also argues that its payments to Carey "were voluntary and unconditional." The record reflects that Ormet sought not only to reduce the amount of Carey's benefit going forward, but to recover "overpayments of benefits" it believed it had made to Carey. While Ormet's advance compensation payments may have been voluntary, they were certainly not unconditional. *See* BLACK'S LAW DICTIONARY 1663 (9th ed. 2009) (defining "unconditional" as "absolute").

No. 10-60075

*Andrepont* does not compel a different result. 566 F.3d 415. In that case, this court determined that an unfavorable recommendation from the district director on the issue of additional compensation, even if the claimant was later successful on that issue before the ALJ, would preclude the claimant's recovery of attorney's fees pursuant to § 28(b) of the LHWCA. *Id.* at 423. In so doing, we noted that § 28(b) "does not literally provide for fee-shifting when employers accept the BRB's recommendation after an informal conference" and recognized that although the result in *Andrepont* "seems to be adverse to the purpose of the statute . . . We are required to construe the plain meaning of the statute." *Id.* at 420–21. The BRB suggests, and Ormet argues, that *Savannah Machine* is no longer controlling precedent in light of *Andrepont's* recognition that we cannot "elevate the purposes of the statute above the plain text reading." *Id.* at 421. This reasoning is erroneous on three grounds: 1) unlike *Andrepont*, a plain text reading of the relevant statutory provision here makes it clear that "the amount paid or tendered by the employer" is "the additional compensation, if any, to which they [the employer] believe the employee is entitled"; 2) *Andrepont* did not purport to overrule *Savannah Machine*, but instead approvingly cited the case; and 3) "[i] t is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Accordingly, consistent with *Savannah Machine*, we hold that Carey has met the requirements of § 28(b) and the ALJ and the BRB erred in denying him attorney's fees.

9

No. 10-60075

## CONCLUSION

Carey's petition for review is GRANTED. The decision of the BRB is VACATED and this case is REMANDED for further proceedings consistent with this opinion.[10]

---

[10] Section 928(b) provides that "a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation." 33 U.S.C. § 928(b). As discussed above, significant confusion exists as to the proper calculation of Carey's AWW, a figure that is necessary to determine the reasonable attorney's fee. On remand, the BRB or the ALJ may determine Carey's AWW anew. This is not, however, an invitation to renew the inquiry into whether Carey's AWW properly includes the premium pay.