# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2011

No. 10-60075

Lyle W. Cayce
Clerk

JAMES CAREY,

Petitioner

v.

ORMET PRIMARY ALUMINUM CORPORATION; DIRECTOR, OFFICE OF
WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents

---

Petition for Review of an Order
of the Benefits Review Board
BRB No. 09-0462

---

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM[*]:

Petitioner James Carey ("Carey") moves this court for an award of attorney's fees for work performed before this court in connection with his successful petition for review from a decision of the Benefits Review Board ("BRB"). *See Carey v. Ormet Primary Alum. Corp.*, 627 F.3d 979 (5th Cir. 2010). We solicited briefing from the parties, including the federal respondent, on whether "this court has the authority to award Carey attorney's fees for work

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60075

performed before this court under [33 U.S.C.] § 928(b) of the [Longshore and Harbor Workers' Compensation Act] where this court did not address, and did not resolve in Carey's favor, a dispute over liability for compensation." Our precedent dictates that we have such authority and we GRANT Carey's motion.

Section 28 provides, in part, that:

> If the employer or carrier refuse to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation. . . . If the claimant is successful in review proceedings before the Board or court in any such case an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimant's counsel in accord with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.

33 U.S.C. § 928(b).

In *Boland Marine & Mfg. Co. v. Rihner*, the only question before the court was the respondent's liability for attorney's fees under the LHWCA. 41 F.3d 997, 1000 (5th Cir. 1995). As in this case, *Boland Marine* did not involve the petitioner's entitlement to compensation. *Id.* After affirming the BRB's award of attorney's fees for work performed below, we held "that Boland Marine is responsible for Rihner's attorney's fees and expenses (totalling $ 5520.57) *in this appeal.*" *Id.* at 1007 (emphasis added). It is well-settled that "one panel of this court cannot overrule the decision of another panel." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Accordingly, we have the authority to award Carey attorney's fees under the circumstances presented by this case. *See*

No. 10-60075

*also Kerns v. Consolidation Coal Co.*, 247 F.3d 133, 133 (4th Cir. 2001) (granting motion for fees on appeal where petitioner was not awarded enhanced benefits as a result of the appeal).

Having the authority to award fees, we consider Carey's fee petition. Carey requests $14,706.25 for 62.75 hours of work performed by his attorneys before this court. Although Ormet takes issues with some of the expended hours as duplicative, its opposition to Carey's fee petition was untimely (by several weeks) and we will not consider it. Carey's motion for attorney's fees is GRANTED in the amount of $14,706.25.