# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60099
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2018

Lyle W. Cayce
Clerk

LEROY SMITH, (deceased),

      Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; NICOR NATIONAL;
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA,

      Respondents

Petition for Review of an Order of the
Benefits Review Board
BRB No. 17-0268

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

    This is an appeal from a Benefits Review Board decision denying attorney's fees under two provisions of the Longshore and Harbor Workers' Compensation Act.  33 U.S.C. §§ 928(a), (b).  We review Board decisions for

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial evidence and errors of law. *See Conoco, Inc. v. Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor*, 194 F.3d 684, 687 (5th Cir. 1999) (quoting *Ingalls Shipbuilding, Inc. v. Director, OWCP*, 991 F.2d 163, 165 (5th Cir. 1993)).

First, § 928(b) requires that claimants show: "(1) an informal conference, (2) a written recommendation from the deputy or Board, (3) the employer's refusal to adopt the written recommendation, and (4) the employee's procuring of the services of a lawyer to achieve a greater award than what the employer was willing to pay after the written recommendation." *Carey v. Ormet Primary Aluminum Corp.*, 627 F.3d 979, 982 (5th Cir. 2010) (quoting *Va. Int'l Terminals, Inc. v. Edwards*, 398 F.3d 313, 318 (4th Cir. 2005)). Failing to meet even one element is fatal to Petitioner's claim. *See, e.g., FMC Corp. v. Perez*, 128 F.3d 908, 910 (5th Cir. 1997) ("An award of attorney's fees under Section 28(b) is appropriate only if the dispute has been the subject of an informal conference with the Department of Labor.").

Here, the Board concluded that there was no informal conference and therefore Petitioner could not prevail. Moreover, even assuming *arguendo* that Petitioner's communications were an informal conference, Petitioner never received a written recommendation from the deputy or Board. We agree.

Petitioner does not challenge the factual findings, except to the extent that "correspondence between the parties"—including a request for an informal conference—"serves as the functional equivalent of an informal conference." A Department of Labor regulation allows "[s]ome cases [to] be handled by written correspondence," 20 C.F.R. § 702.311, but there is no evidence that such an informal conference occurred here. What's more, there is no evidence—and Petitioner does not assert—that the district director offered a recommendation. These deficiencies are disqualifying. *See Pool Co. v. Cooper*, 274 F.3d 173, 186 (5th Cir. 2001) ("[N]o informal conference with the

No. 18-60099

Department of Labor ever took place.  Under the law of our Circuit, that fact poses an absolute bar to an award of attorney's fees under § 28(b)."); *Perez*, 128 F.3d at 910.

Second, § 928(a) "incorporate[s] a condition precedent, namely that the employer must contest liability before section 928(a) authorizes fee-shifting." *Andrepont v. Murphy Expl. & Prod. Co.*, 566 F.3d 415, 418 (5th Cir. 2009) (citing *Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor v. Black Diamond Coal Mining Co.*, 598 F.2d 945, 953 (5th Cir. 1979)).  Here, the Board concluded that the employer "voluntarily paid compensation to claimant within 30 days of receipt of the claim," and thus did not "decline to pay any compensation . . . on the ground that there is no liability for compensation."  33 U.S.C. § 928(a).  Petitioner does not contest this finding.  We agree with the Board.  *Andrepont*, 566 F.3d 415, 419.

The petition for review of the judgment of the Benefits Review Board is DENIED.