United States Court of Appeals,

Fifth Circuit.

No. 96-60664.

FMC CORPORATION, Employer;  National Union Fire Insurance Company, Petitioners,

v.

Rodrigo J. PEREZ;  Director, Office of Worker's Compensation Programs, U.S. Department of Labor, Respondents.

Nov. 24, 1997.

Petition for Review of an Order of the Benefits Review Board.

Before REYNALDO G. GARZA, KING and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This appeal involves whether an Administrative Law Judge ("ALJ") properly awarded attorney's fees to a claimant under Section 28 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-50. The ALJ's award was affirmed as a matter of law by the United States Department of Labor Benefits Review Board (the "Board") when the Board did not act on the petitioners' appeal within one year. *See* Omnibus Appropriations for Fiscal Year 1996, Pub.L. No. 104-134, § 101(d), 110 Stat. 1321-219 (1996). Because we conclude that the award of attorney's fees was not authorized by statute, we grant the petition for review.

I.

On April 25, 1989, Rodrigo J. Perez injured his right knee and lower back while working for FMC Corporation ("FMC") on an offshore platform. In June 1989, FMC voluntarily began paying Perez medical benefits and weekly compensation under the Texas workers'

1

compensation regime.  The weekly compensation was made retroactive to the date of injury.  In August 1989, FMC began paying Perez temporary total disability benefits under the LHWCA.  Not until two years later, on August 14, 1991, did Perez file a formal claim for compensation under the LHWCA.  In that claim, he asserted that he was entitled to a higher weekly compensation rate than the rate paid by FMC, and also that he was permanently disabled.  FMC did not formally controvert the claim, but continued its voluntary payments to Perez under the LHWCA.

From 1991 through December of 1993, Perez attended a vocational rehabilitation program sponsored by the Texas Rehabilitation Commission and adopted and funded by the United States Department of Labor's Office of Workers' Compensation Programs.  Perez reached maximum medical improvement, and his disability status became permanent, in February 1993.  FMC continued to pay disability benefits after Perez's injury became permanent.

A dispute developed between the parties regarding whether Perez's vocational rehabilitation training would enable him to achieve his pre-injury income levels.  The company maintained that because of Perez's post-injury training, he would eventually regain his pre-injury income levels.  Nevertheless, the company continued to pay weekly benefits for total disability until the parties settled Perez's weekly benefit claim.

On October 29, 1993, the parties signed a written settlement agreement, which resolved Perez's weekly benefit claims.  FMC

agreed to pay Perez a lump sum of $70,000 and $10,000 per year for the following seven years. In the settlement agreement, the parties stipulated that "[a]ll benefits due have been paid." The settlement agreement did not dispose of Perez's claim for attorney's fees. The district director approved the settlement pursuant to Section 8(I) of the LHWCA, 33 U.S.C. § 908(I). The following day, counsel for Perez submitted a fee petition to the district director, asking for an award of $16,800. The district director awarded counsel $9,712.50.

## II.

Our review is limited to determining "whether the Board correctly concluded that the ALJ's order was supported by substantial evidence on the record as a whole and is in accordance with the law." *Avondale Indus., Inc. v. Director, Office of Workers' Compensation Programs,* 977 F.2d 186, 189 (5th Cir.1992). We conclude that the ALJ committed an error of law by making an attorney's fees award without statutory authorization.

That a dispute existed as to the appropriate amount of weekly benefits or the claimant's disability status does not alone trigger the LHWCA's attorney's fees provisions. Rather, the LHWCA provides for the award of attorney's fees to an LHWCA claimant in only two circumstances. Under Section 28(a), the claimant is entitled to attorney's fees if the employer "declines to pay *any* compensation...." 33 U.S.C. § 928(a). An employee may be entitled to attorney's fees under Section 28(b) if, after an informal conference, the employer rejects the recommendations of the Board

3

or commissioner; the employer tenders an amount in lieu of the recommendation; the employee rejects the amount tendered by the employer; the employee hires an attorney; and the employee obtains an amount greater than the amount tendered. 33 U.S.C. § 928(b). Thus, Section 28(b) gives an employer an opportunity to avoid the payment of attorney's fees by either (1) accepting the Board's or Commissioner's recommendations or (2) refusing those recommendations but tendering a payment that is accepted by the claimant. The statute expressly states that "In all other cases any claim for legal services shall not be assessed against the employer or carrier." 33 U.S.C. § 928(b).

Neither of the express statutory provisions entitles Perez to an award of attorney's fees in this case. The employer did not refuse to pay any compensation, but voluntarily initiated temporary total disability benefits. When Perez reached maximum medical improvement in February 1993, the employer continued to pay total disability benefits. These payments continued until the settlement. The parties state in the settlement agreement that "all benefits due have been paid."

Perez argues that although FMC voluntarily paid temporary total disability benefits, it declined to pay "any compensation" for permanent total disability. He relies on cases suggesting that if the employer pays one kind of disability benefit, but refuses to pay another type, this may be the equivalent of not paying "any compensation" within the meaning of Section 28(a). *See National Steel & Shipbuilding Co. v. United States Dep't of Labor, Office of*

4

*Workers' Compensation Programs,* 606 F.2d 875 (9th Cir.1979); *Presley v. Tinsley Maintenance Serv.,* 529 F.2d 433 (5th Cir.1976); *Baker v. Todd Shipyards Corp.,* 12 Ben.Rev.Bd.Serv. (MB) 309 (May 14, 1980). Unlike the employers in those cases, however, FMC continued to pay total disability benefits after Perez's disability status became permanent, and even thereafter, throughout the period of his vocational rehabilitation. *See Louisiana Ins. Guar. Ass'n v. Abbott,* 40 F.3d 122, 128 (5th Cir.1994) (continuation of total disability benefits during full-time rehabilitation was proper). In other words, FMC never altered its course in making payments consistent with those due to a worker with a permanent total disability. If a claimant is entitled to a "total" disability payment, the amount of the weekly benefit is the same whether the disability is temporary or permanent. *Compare* 33 U.S.C. § 904(a) *with id.* § 904(b). FMC did not refuse to pay permanent benefits but in effect made such payments through the date of settlement.

An award of attorney's fees under Section 28(b) is appropriate only if the dispute has been the subject of an informal conference with the Department of Labor. *See Todd Shipyards Corp. v. Director, Office of Workers' Compensation Programs,* 950 F.2d 607, 610-11 (9th Cir.1991). The present dispute settled before the parties resorted to the Department of Labor's informal dispute resolution mechanism.

Because neither Section 28(a)'s nor Section 28(b)'s requirements were satisfied, the attorney's fees award was not authorized by statute. Accordingly, we grant the petition for

5

review and reverse the award of attorney's fees.