Revised March 26, 2001

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-60587

STAFTEX STAFFING AND HOUSTON
GENERAL INSURANCE COMPANY,

Petitioners,

VERSUS

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT
OF LABOR AND RAMIRO LOREDO,

Respondents.

Petition For Review of an Order
of the Benefits Review Board

November 1, 2000

ON PETITION FOR REHEARING

(Opinion November 1, 2000, 5th Cir. 2000, \_\_\_\_F.3d\_\_\_\_)

Before REAVLEY, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:

Claimant, Ramiro Loredo, seeks rehearing of our order reversing the Benefits Review Board's (BRB) affirmance of an award of attorney's fees to his counsel. Loredo argues that our opinion

is in conflict with an opinion of this court, James J. Flanagan Stevedores, Inc. v. Gallagher, 219 F.3d 426 (5th Cir. 2000), which was filed just days before the opinion in our case. Gallagher was decided under a unique set of facts that we do not find helpful in this case. However, on reconsideration and reexamination of the record, we conclude that the ALJ did not err in granting attorney's fees to Loredo's counsel.

Loredo's employer voluntarily paid Loredo compensation based on a $490.24 average weekly wage. The employee was satisfied with his compensation rate and had no reason to raise it as an issue at the informal conference. The claims examiner, following the informal conference, recommended that the "parties agree to an order awarding permanent and total disability benefits effective July 5, 1995 and continuing, subject to annual adjustment." The rate of compensation which was to "continue" is an essential part of the recommendation and the recommendation specifically referenced both the average weekly wage of $490.24 and the compensation rate of $326.83. The employer did not timely accept the recommendation of the claims examiner, agreed with Loredo's statement of the issues to be resolved at the formal hearing and raised no new issues until shortly before the formal hearing was scheduled. At that time the employer agreed to the total permanent disability aspect of the recommendation, but contended for the first time that the average weekly wage was $108.02.

When the recommendation is viewed in this light, it is clear

2

to us that the employer did not accept the recommendation of the Department of Labor. The claimant used the services of an attorney to aid him in the resolution of the controversy over the payment of his compensation and the formal hearing resulted in a larger award of compensation. The BRB was therefore entitled to conclude that § 928(b) was satisfied in awarding attorney's fees to Mr. Loredo.

We therefore grant panel rehearing on our previous order reversing the Benefits Review Board's award of attorney's fees and now affirm the BRB's award. In all other respects, we deny the petition for rehearing.[1]

No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (Fed. R. App. P. and 5th Cir. R. 35), the Petition for Rehearing En Banc is DENIED.

---

[1] We also withdraw from the original opinion the following sentence: "Moreover, we must resolve all doubts 'in favor of the employee in accordance with the remedial purposes of the LHWCA.' Empire United Stevedores v. Gatlin, 936 F.2d 819 (5th Cir. 1991)." and any reference to the "true doubt" rule which was rejected in Director, OWCP v. Greenwich Collieries, 512 U.S. 267 (1994).