**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-60251

ROBERT ANDREPONT

Petitioner

v.

MURPHY EXPLORATION AND PRODUCTION CO; LIBERTY MUTUAL
INSURANCE CO; DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, US DEPARTMENT OF LABOR

Respondents

Petition for Review of an Order
of the Benefits Review Board
(08-0269)

Before GARWOOD, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

On May 14, 1999, claimant-petitioner Robert Andrepont ("Andrepont")
injured his left knee during the course of his employment with employer-
respondent Murphy Exploration & Production Co. ("Murphy").  He was able to
continue working on a seven-days-on, seven-days-off schedule until April 21,
2000. At that time, he became temporarily totally disabled because of five
surgeries on his knee. From April 22, 2000 to December 12, 2001, Murphy paid
Andrepont compensation for temporary total disability. The treating physician
found that Andrepont reached maximum medical improvement as of December

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

13, 2001. After December 12, 2001, Murphy voluntarily initiated payment of compensation for permanent partial disability based on a twenty-six percent permanent impairment of the left leg.

On November 18, 2002, Andrepont filed a claim for compensation with the Department of Labor's Office of Workers' Compensation Programs ("OWCP") under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), codified at 33 U.S.C. §§ 901-950, for permanent total disability. Murphy continued to pay Andrepont compensation for permanent partial disability. The OWCP's Office of the District Director held an informal conference with the parties on September 25, 2003, in which the examiner concluded that Murphy had established the availability of suitable alternate employment and Murphy did not owe any further compensation. The employer accepted this recommendation. Claimant requested the claim be referred to an administrative law judge. The administrative law judge found Murphy had established the availability of suitable alternate employment based on a job identified on February 17, 2003 and therefore no longer owed compensation past that date. However, the claimant was also awarded compensation for permanent total disability (not just the twenty-six percent partial disability payments the company had paid) from December 13, 2001 to February 17, 2003.

Claimant's counsels then submitted a petition to the administrative law judge requesting attorneys' fees pursuant to LHWCA sections 28(a)-(b), codified at 33 U.S.C. § 928(a)-(b). The administrative law judge held Murphy liable for attorneys' fees because the claimant obtained greater compensation than Murphy had initially agreed to pay. Murphy then appealed the award of attorneys' fees. The Benefits Review Board ("BRB"), in a split decision, agreed with Murphy and denied the petitioner's counsel any attorneys' fees because (a) Murphy was voluntarily paying claimant compensation for permanent partial

2

disability when the claimant filed his claim for permanent total disability, and (b) Murphy had accepted the district director's recommendation not to pay any further compensation. Andrepont timely petitions this court for review.

## STANDARD OF REVIEW

"This Court conducts a de novo review of the BRB's rulings of law, owing them no deference because the BRB is not a policymaking agency." *Pool Co. v. Cooper*, 274 F.3d 173, 177 (5th Cir. 2001) (citations omitted). "But this court does afford *Skidmore* deference to the Director's interpretations of the LHWCA. . . . Under this approach, the amount of deference owed the Director's interpretation 'will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Avondale Inds., Inc. v. Alario*, 355 F.3d 848, 851 (5th Cir. 2003) (quoting *United States v. Mead Corp.*, 533 U.S. 218, 228 (2001) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944))).

## DISCUSSION

### A.    Shifting Attorneys' Fees Under the LHWCA.

Sections 28(a)-(b), codified as 33 U.S.C. §§ 928(a)-(b), provide two bases for awarding attorneys' fees upon successful prosecution of a LHWCA claim:

(a) Attorney's fee; successful prosecution of claim

If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a

reasonable attorney's fee against the employer or carrier in an amount . . .

(b) Attorney's fee; successful prosecution for additional compensation; independent medical evaluation of disability controversy; restriction of other assessments

If the employer or carrier pays or tenders payment of compensation without an award pursuant to section 914(a) and (b) of this title, and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following such conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy. If the employer or carrier refuses to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation. The foregoing sentence shall not apply if the controversy relates to degree or length of disability . . . If the claimant is successful in review proceedings before the Board or court in any such case an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimant's counsel in accord with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.

In *FMC v. Perez*, we construed these provisions and concluded that "the LHWCA provides for the award of attorney's fees to an LHWCA claimant in only two circumstances." 128 F.3d 908, 909-10 (5th Cir. 1997). We said, "[u]nder [33 U.S.C. § 928(a)] the claimant is entitled to attorney's fees if the employer 'declines to pay any compensation....'" *Id.* (quoting 33 U.S.C. § 928(a)). "An

employee may be entitled to attorney's fees under [33 U.S.C. § 928(b)] if, after an informal conference, the employer rejects the recommendations of the Board or commissioner; the employer tenders an amount in lieu of the recommendation; the employee rejects the amount tendered by the employer; the employee hires an attorney; *and* the employee obtains an amount greater than the amount tendered." *Id.* at 909-91 (emphasis added). 33 U.S.C. § 928(b) thus "gives an employer an opportunity to avoid the payment of attorney's fees by either (1) accepting the Board's or Commissioner's recommendations or (2) refusing those recommendations but tendering a payment that is accepted by the claimant." *Id.* at 910.

## 1. Awarding Attorneys' Fees under 33 U.S.C. § 928(a) is Not Authorized

We have consistently construed 33 U.S.C. § 928(a) to incorporate a condition precedent, namely that the employer must contest liability before section 928(a) authorizes fee-shifting. *See Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor v. Black Diamond Coal Mining Co.,* 598 F.2d 945, 953 (5th Cir. 1979) ("[T]he condition precedent [under 33 U.S.C. s 928(a)] to recovery of attorneys' fees is a contest of liability"). In other words, we award attorneys' fees under section 928(a) only if the employer believes it is not liable for *any* compensation or "no compensation is owing" regardless of the specific type of compensation requested. *Ayers S. S. Co. v. Bryant,* 544 F.2d 812, 813 (5th Cir. 1977). Therefore, if the employer admits to liability for the injury and tenders any compensation, it is not liable for attorneys' fees under section 928(a). *See Savannah Mach. & Shipyard Co. v. Dir., Office of Workers' Comp. Programs,* 642 F.2d 887, 889 (5th Cir. 1981) ("Since the [employer] tendered partial compensation, we agree that [33 U.S.C. § 928(a)] is inapplicable to the situation at hand.").

5

As stated plainly in the statute, the relevant period for determining if the employer has tendered some compensation is the thirty days after the filing of the written claim. Accordingly, if the employer pays some partial compensation during those thirty days, thereby admitting to liability for the injury, section 928(a) does not apply. *See, e.g.*, *Pool Co. v. Cooper,* 274 F.3d 173, 186-87 (5th Cir. 2001). Murphy admits liability for the injury and paid partial compensation for the injury throughout the thirty days. Therefore, section 928(a) does not authorize fee-shifting in this case. *See id.*

We have contrasted section 928(a) with section 928(b) in *Ayers* and said that section 928(b) applies to "situation[s] where the employer and claimant agree that some compensation is due but disagree as to what amount." 544 F.2d at 813; *see also Savannah Mach.,* 642 F.2d at 889-90 & n.7 (applying section 928(b) to a claimant who "accepts partial compensation, but who claims additional compensation."). Here, the claimant accepted partial compensation for his injury (26% partial disability benefits), but claims "additional compensation," *i.e.*, total disability benefits or the remaining 74%, for the same injury. Accordingly, this case is properly analyzed under section 928(b), not section 928(a).

## 2. Awarding Attorneys' Fees under 33 U.S.C. § 928(b) is Not Authorized

In *FMC,* we clearly construed 33 U.S.C. § 928(b) as giving "an employer an opportunity to avoid the payment of attorney's fees by either (1) accepting the Board's or Commissioner's recommendations [after an informal conference] or (2) refusing those recommendations but tendering a payment that is accepted by the claimant." 128 F.3d at 910. In this case, Murphy accepted the recommendations that resulted from the informal conference; under *FMC,* Murphy thereby avoids any obligation to pay attorneys' fees. *Id.* Moreover, in

*Staftex Staffing v. Dir., Office of Workers' Comp. Programs,* 237 F.3d 409, 410 (5th Cir. 2000), we emphasized the fact that the employer did not accept the claims examiner's recommendations, which followed the informal conference, and used this fact as a reason to affirm the BRB's award of attorneys' fees. *See also Staftex Staffing v. Dir., Office of Worker's Comp. Programs,* 237 F.3d 404, 409 (5th Cir.), *opinion modified on reh'g on other grounds*, 237 F.3d 409 (2000) ("Section 928(b) permits claimants to obtain attorney's fees only where: (1) the board has held an informal conference on the disputed issue; (2) the board issues a written recommendation on that issue; and (3) the employer *refuses to accept* the recommendation.") (emphasis added). A requirement that the employer must refuse to accept the recommendations before attorneys' fees can be awarded is found in the plain statutory text:

> If the employer or carrier *refuse to accept* such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation

33 U.S.C. 928(b) (emphasis added).

In *James J. Flanagan Stevedores, Inc. v. Gallagher,* we acknowledged, but declined to address, contrary Ninth Circuit authority that would permit the award of attorneys' fees whether or not the employer accepted or rejected the recommendations from the informal conference. 219 F.3d 426, 435 n.18 (5th Cir. 2000) (citing *Nat'l Steel & Shipbuilding Co. v. U.S. Dep't of Labor*, 606 F.2d 875,

882 (9th Cir. 1979); *Matulic v. Dir., Office of Workers Comp. Programs*, 154 F.3d 1052, 1061 (9th Cir. 1998)). The Ninth Circuit acknowledges that section 928(b) plainly requires the employer to have rejected the recommendation before an award of attorneys' fees can be granted. *See Todd Shipyards Corp. v. Dir., Office of Workers Comp. Programs,* 950 F.2d 607, 611 (9th Cir. 1991) ("Congress has determined, however, that if an employer pays the benefits claimed by the employee, the employer will not be responsible for the payment of attorneys' fees, unless the employer rejects the written recommendation of the claims examiner following the informal hearing and the employee obtains additional benefits at a formal hearing before the Department of Labor."). However, in *Nat'l Steel & Shipbuilding Co.,* the Ninth Circuit looked beyond the plain language and concluded that "congressional intent was to limit liability [for attorneys' fees] to cases in which the parties disputed the existence or extent of liability, whether or not the employer had actually rejected an administrative recommendation." 606 F.2d at 882; *see also Matulic,* 154 F.3d at 1060-61 (relying on the statutory "intent" to justify the rule that "the claimant is entitled to attorney's fees where the extent of liability is controverted and the claimant successfully obtains increased compensation, 'whether or not the employer had actually rejected an administrative recommendation.'") (quoting *Nat'l Steel & Shipbuilding Co.*, 606 F.2d at 882).

In *Holliday v. Todd Shipyards Corp.,* 654 F.2d 415, 418 (5th Cir. 1981), *overruled on other grounds by Phillips v. Marine Concrete Structures, Inc.,* 895 F.2d 1033, 1035 (5th Cir. 1990), we noted that "[s]ection 28 does not provide for attorneys' fee awards in every case in which the claimant is successful." As the Ninth Circuit acknowledges, the statute here literally bars fee-shifting for this factual situation. Therefore, a literal reading of the statute subjects claimants

8

like Andrepont to the presumptive and generally applicable American Rule that bars fee-shifting. Under the American Rule, a fee-shift is allowed *only if* there is some "specific and explicit" statutory exception. *See id.* at 419-20 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)). Because the statute does not literally provide for fee-shifting when employers accept the BRB's recommendation after an informal conference, there is no "specific and explicit" statutory exception that warrants a departure from the generally applicable and presumptive American Rule. *See id.*

In agreement with this position, the Sixth and Fourth Circuits have also rejected the Ninth Circuit's "legislative intent" approach, specifically referencing our decisions in *Staftex Staffing* and *FMC* and concluding that one of section 928(b)'s explicit prerequisites for an attorneys' fees award is that the employer must *reject* the recommendations that emerge from the informal conference. *See, e.g.*, *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 265-66 (6th Cir. 2007) ("The Fifth Circuit has consistently required that each of the requirements set forth in subsection (b) be met before an employer incurs liability for attorney's fees."); *Va. Int'l Terminals, Inc. v. Edwards,* 398 F.3d 313, 318 (4th Cir. 2005) ("[S]ection 928(b) requires all of the following: (1) an informal conference, (2) a written recommendation from the deputy or Board, (3) the employer's refusal to adopt the written recommendation, and (4) the employee's procuring of the services of a lawyer to achieve a greater award than what the employer was willing to pay after the written recommendation.").

We are required to construe the plain meaning of the statute, and the plain language of Section 28(b) requires that an employer must refuse to accept

the informal recommendation before attorneys' fees are shifted.[1] We note parenthetically that requiring this element might seem odd when the informal recommendation was completely favorable to the employer. It is unclear what an employer could do to refuse to accept a favorable recommendation. Under our result, therefore, a claimant who loses at the informal conference has only two options: accept the result, or seek greater compensation before the ALJ and suffer a reduction in his or her benefits based on the cost of hiring an attorney to pursue the claim. Thus, the practical effect here is to cut into Andrepont's recovery, which seems to be adverse to the purpose of the statute. *See Oilfield Safety & Mach. Specialties, Inc. v. Harman Unlimited, Inc.*, 625 F.2d 1248, 1257 (5th Cir. 1980) (noting that the fee-shifting provision "ensures that an employee will not have to reach into the statutory benefits to pay for legal services, thus diminishing the ultimate recovery"). As the dissenting Administrative Appeals Judge wrote, "The literal construction of Section 28(b) runs counter to the purpose of the Act's fee-shifting provisions in cases, such as this, where the claimant obtains greater compensation by virtue of the proceedings before the administrative law judge." *Cf. Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 272 (Moore, J., concurring in part and dissenting in part) ("The statute mentions these formalities, but it does not state that they are preconditions to an award under § 928(b). Therefore, the plain language of the statute does not address the situation, when, as here, the formalities were lacking through no fault of the claimant . . . .").

If we could elevate the purposes of the statute above the plain text reading, we might be more sympathetic to Andrepont's argument in this regard.

---

[1] Judge Garwood does not join our subsequent statements in this paragraph and the following paragraph.

However, the statute does not specifically or explicitly mandate fee-shifting in this situation, instead it requires the employer to "refuse to accept" the informal recommendation before shifting the burden of claimant's attorneys' fees. It may be that Congress did not intend to preclude the award of attorneys' fees based on the lack of the employer refusing to accept a fully favorable recommendation. But based on the plain text of Section 928(b)—which includes refusing to accept as an element—fee-shifting is unavailable here, notwithstanding this seeming anomaly. Andrepont's policy arguments are therefore best addressed to Congress, not the courts.

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 475 (1992). Accordingly, in line with prior precedent and the plain statutory language, an award of attorneys' fees under section 928(b) requires the employer to have refused to accept the recommendations that emerge from the informal conference. Because Murphy accepted the recommendations, section 928(b) does not authorize an award in this case.

The BRB was correct in denying an award of attorneys' fees under sections 928(a) and 928(b). We now DENY the petition for review.

11