# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2010

No. 09-60361

Lyle W. Cayce
Clerk

KENNETH E. CRAVEN,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS,
US DEPARTMENT OF LABOR, NORTHROP GRUMMAN SHIP SYSTEMS
INC.

Respondents.

Petition for Review of an Order of the
United States Department of Labor

Before BENAVIDES, STEWART, and SOUTHWICK, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

Petitioner-appellant Kenneth E. Craven appeals the Benefits Review Board's ("Board") November 21, 2008 denial of his appeal to the Board, contending that the Board erred when it determined it did not have jurisdiction to consider his direct appeal that bypassed the Administrative Law Judge ("ALJ"). For the reasons discussed in greater detail below, the Court dismisses Craven's appeal for lack of subject matter jurisdiction since, as a result of Craven's failure to exhaust his administrative remedies, this Court has no final order from the Board to review.

No. 09-60361

## FACTS AND PROCEDURAL BACKGROUND

On July 23, 2004, while acting in the course and scope of his employment for one of the Respondent-appellees, Northrup Grumman, Craven sustained a back injury. Initially, the company paid him temporary total disability. Once it was determined that his injury was permanent, and not temporary, Craven and Northrup debated the extent of his permanent disability (partial vs. total) and the corresponding degree of additional compensation Craven should receive. Shortly thereafter, Northrup began paying him benefits for permanent *partial* disability. Craven, however, decided to pursue benefits for permanent *total* disability.

In an attempt to resolve the dispute, the district director[1] held two informal conferences pursuant to the LHWCA.[2] After the conferences, the district director ultimately recommended that Northrup pay Craven compensation for permanent partial disability. The company accepted the district director's recommendation, but Craven disagreed. Craven, however, did not file his appeal with the ALJ–in accordance with the administrative scheme Congress established in the LHWCA. Instead, Craven bypassed the ALJ and filed his appeal directly with the Board, in an attempt to have the Board order

---

[1] *See* LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT ("LHWCA"), 33 U.S.C. §§901-50, 2(7), 19, 39 (b); 20 C.F.R. § 701.301(a)(7). The statutory term "deputy commissioner" and the current administrative designation "district director" are interchangeable terms.

[2] *See* 33 U.S.C. § 928(b) (requiring that, in the event that a dispute arises as to the amount of additional compensation to which a claimant may be entitled, the deputy commissioner shall set the matter for an informal hearing and issue a written recommendation).

2

No. 09-60361

the district director to issue a recommendation in his favor regarding the extent of his disability.[3]

On November 21, 2008, the Board dismissed Craven's appeal. In doing so, the Board did not engage in an analysis of the merits underlying Craven's claim for additional disability compensation, nor did the Board evaluate the merits of the district director's informal recommendation. Instead, the Board dismissed Craven's appeal for lack of jurisdiction, finding that:

> The [district director's] memoranda of informal conferences are not final appealable actions; they do not purport to be a final decision or resolve matters within the authority of the district director. . . . [Thus, Craven's] recourse is with the administrative law judge, as the issue raised by claimant concerns the extent of his disability, which requires fact-finding by an administrative law judge in order to resolve a dispute. As the district director's memoranda of informal conferences and associated correspondence are not final decisions, they are not appealable under Section 21(b)(3) [of the LHWCA].

Thus, the Board determined that it had no jurisdiction to hear Craven's appeal because, as a result of his failure to file his appeal with the ALJ for an evidentiary hearing, Craven's record contained no findings of fact and no "final action" made by ALJ for the Board to review.

---

[3] In *Andrepont v. Murphy Exploration and Production Co.*, 566 F.3d 415 (5th Cir. 2009), this Court determined that an unfavorable recommendation from the district director on the issue of additional compensation, even if the claimant was later successful on that issue before the ALJ, would preclude the claimant's recovery of attorney's fees pursuant to § 28(b) of the LHWCA. *See* 33 U.S.C. § 928(b). Thus, although Craven recognized that the LHWCA only administratively provides for a direct appeal to the ALJ following the informal recommendation of a district director, Craven argued that as a result of this Court's decision in *Andrepont*, he should be permitted to appeal the issue of attorney's fees directly to the Board.

No. 09-60361

After the Board dismissed his direct appeal for lack of jurisdiction, Craven timely filed the instant appeal before us now.  On appeal, Craven raises a number of different issues.  The crux of his appeal is that the district director erred in issuing an informal memoranda that recommended permanent *partial* disability–as opposed to permanent *total* disability.  Craven also asserts several arguments regarding this Court's decision in *Andrepont v. Murphy Exploration and Production Co.*, 566 F.3d 415 (5th Cir. 2009).  Craven contends that the Court's decision in *Andrepont* violates the Administrative Procedures Act[4] ("APA") as well as his constitutional right to due process.  Craven requests that this Court reconsider *Andrepont* and correct what he has characterized to be a constitutional flaw in the Court's decision.

## STANDARD OF REVIEW

We review a decision of the Board "under the same standard as it reviews the decision of the ALJ: Whether the decision is supported by substantial evidence and is in accordance with the law." *Empire United Stevedores v. Gatlin*, 936 F.2d 819, 822 (5th Cir. 1991) (citations omitted).  In this case, however, Craven did not appeal to the ALJ and instead filed a direct appeal with the Board.  Thus, as a result of Craven's failure to comply with the LHWCA and exhaust his administrative remedies, there was no decision from an ALJ for the Board to review.  The Board, therefore, had no jurisdiction to issue a final order on the merits of Craven's appeal.

Because the Board did not issue a final order in this case, the first question we must address is whether the Court has jurisdiction to hear the

---

[4] *See* 5 U.S.C. § 551 *et seq.*

4

No. 09-60361

instant appeal. *See Said v. Gonzales*, 488 F.3d 668, 670-71 (5th Cir. 2007) ("We must raise the issue of our appellate jurisdiction *sua sponte*, if necessary.").

## THIS COURT'S SUBJECT MATTER JURISDICTION

"This court's jurisdiction to hear a petition for review from an LHWCA administrative decision is derived solely from the appeal provision contained in 33 U.S.C. § 921(c)." *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603-04 (5th Cir. 2004). A brief review of the LHWCA's administrative scheme highlights the jurisdictional defects created by Craven's attempt to bypass the ALJ and appeal his case directly to the Board.

The LHWCA and Department of Labor's ("DOL") implementing regulations have established a three-tier process for adjudicating claims: 1) informal mediation before the district director; 2) formal hearings and fact-findings by an ALJ; and 3) appellate review by the Board (potentially followed by a circuit court). Claims are initially administered by the district director.[5] The DOL's regulations state that "the district directors are empowered to amicably and promptly resolve such problems by informal procedures."[6] Yet in cases such as the one presently before the Court–where the parties do not reach an agreement following the district director's informal

_____

[5] *See* 33 U.S.C. § 919(a), (b).

[6] 20 C.F.R. § 702.301.

5

No. 09-60361

recommendation–the district director has no authority to issue a compensation order.[7] Instead, the parties must take their claims to an ALJ.[8]

The LHWCA makes clear that any evidentiary hearing "shall be conducted by a[n] administrative law judge[,]" (not a district director), and the hearing "shall be conducted in accordance with the provisions of section 554 of Title 5 [APA]."[9] If the claimant is dissatisfied with the outcome following the hearing before the ALJ, the claimant can appeal to the Board.[10] Notably, the LHWCA contains no provision that contemplates bypassing the evidentiary hearing before the ALJ and appealing directly to the Board.

Instead, in the final and third tier of the LHWCA's administrative scheme, the DOL's regulations stipulate that "appeals may be taken from compensation orders when they have been filed as provided for in § 702.349."[11] The Board's own regulations contain almost identical provisions.[12] The Board's decisions

---

[7] Under these circumstances, the district director's informal recommendation is not even transmitted to the ALJ. *See* 20 C.F.R. § 702.317(c).

[8] "The relevant language states that an ALJ has authority 'to hear and determine all questions in respect of such claim' and the phrase 'such claim' references 'a claim for compensation.'" *Temp. Employment Serv. v. Trinity Marine Group, Inc.*, 261 F.3d 456, 461 (5th Cir. 2001) (quoting 33 U.S.C. § 919(a)).

[9] 33 U.S.C. § 919(d). At this point a formal record is created, and the ALJ must set forth his factual findings and conclusions on disputed issues in a written decision, which is filed by the district director. 20 C.F.R. §§ 702.344, 702.348, 702.349; 33 U.S.C. § 919(e).

[10] 33 U.S.C. § 921(b)(1).

[11] 20 C.F.R. § 702.392.

[12] 20 C.F.R. § 801.102(a) (stating that the Board hears appeals "from decisions or orders with respect to claims for compensation or benefits"); § 802.301(a) (stating that the Board cannot "engage in a *de novo* proceeding or unrestricted review of a case brought before it[];" it is only "authorized to review the findings of fact and conclusions of law on which the decision or order appealed from was based.").

No. 09-60361

must be based on the "hearing record" (created during the hearing before the ALJ), and "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by [the] substantial evidence . . ." contained within the ALJ's evidentiary record.[13]

In the present case, Craven's failure to appeal the district director's recommendation to the ALJ for an evidentiary hearing precludes this Court's jurisdiction to hear the instant appeal. That is because "[t]his court's jurisdiction to hear a petition for review from an LHWCA administrative decision is derived solely from the appeal provision contained in 33 U.S.C. § 921(c)." *Gulf Best. Elec. Inc. v. Methe,* 396 F.3d 601, 603-604 (5th Cir. 2004). Section 921(c) limits this Court's review to a review of the "final order of the Board."

There is no final order in this case.[14] Craven's attempt to bypass the ALJ is particularly problematic because the LHWCA grants the ALJ the exclusive authority to create an evidentiary record upon which an appeal must be based. In turn, the Board's own appellate jurisdiction is limited to reviewing the ALJ's decision based on the substantial evidence in the record–that is, the LHWCA does not grant the Board authority "to substitute its views for those of the ALJ."

---

[13] 20 C.F.R. § 802.301(a). Notably, the regulations do not permit the parties to submit new evidence to the Board that was not first submitted to the ALJ during the administrative hearing. *See id.* § 301(b) ("Parties shall not submit new evidence to the Board. Any evidence submitted by a party which is not part of the record developed at the hearing before the administrative law judge will be returned without being considered by the Board.").

[14] "The '"final order' requirement follows the contours of the finality rule expressed in 28 U.S.C. § 1291." *Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 698 F.2d 743, 746 (5th Cir. 1983) (citing *Dir., Office of Workers' Comp. Programs v. Brodka,* 643 F.2d 159, 161 (3d Cir. 1981); *Nat'l Steel and Shipbuilding Co. v. Dir., Office of Workers' Comp. Programs*, 626 F.2d 106, 107-08 (9th Cir. 1980)).

*Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 944 (5th Cir. 1991). Consequently, because 20 C.F.R. § 802.301(a) precludes the Board from engaging "in a *de novo* proceeding or unrestricted review of a case brought before it . . . " and limits the Board's authority to a "review [of] the findings of fact and conclusions of law on which the decision or order appealed from was based," we conclude that the Board was correct to dismiss Craven's appeal for lack of jurisdiction. The Board could not reach a decision on the merits because the Board was not presented with anything within its statutory purview to review–that is, in this case there is no evidentiary record or compensation order issued by an ALJ. The Board, therefore, was correct to decline to issue a final order on the merits of Craven's claim for additional disability compensation.

With no final order from the Board for this Court to review, Craven's instant appeal is solely predicated on the recommendation letter and informal hearing memoranda issued by the district director. "The LHWCA does not, however, extend to this Court original jurisdiction over the actions of the Director in the exercise of her administrative authority." *Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, 133 (5th Cir. 1994). Consequently, the Court does not have jurisdiction to hear Craven's appeal. *Id.* ("Review by this Court is limited to final orders made by the Board in the exercise of its adjudicatory authority.") (citing 33 U.S.C. § 921(c)); *see also Mijangos*, 948 F.2d at 943 (dismissing for lack of jurisdiction since "under 33 U.S.C. § 921(c), this Court has jurisdiction to review only final orders of the Board.").

To conclude otherwise and permit Craven to proceed now on appeal would enable claimants like Craven to circumvent the LHWCA's administrative

No. 09-60361

scheme–an administrative scheme that Congress designed "to encourage the prompt and efficient administration of compensation claims." *Rodriguez v. Compass Shipping Co., Ltd.*, 451 U.S. 596, 612 (1981).[15]

Accordingly, we DISMISS Craven's appeal for lack of subject matter jurisdiction. All pending motions are denied.

---

[15] Because we do not have jurisdiction to hear his appeal, we do not reach a conclusion as to whether the district director erred in failing to recommend that Craven receive compensation for permanent total disability. Likewise, we do not address Craven's arguments that *Andrepont*'s interpretation of 33 U.S.C. § 928(b) violates the APA or his constitutional right to due process. First, we find it important to note that "one panel of this court cannot overrule the decision of another panel." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). And finally, even if Craven's argument that this Court's decision in *Andrepont* effectively denied him some sort of right to attorney's fees contained some merit, his constitutional arguments regarding the *Andrepont*'s articulation of § 928(b) would not cure the jurisdictional defects created by his attempt to bypass the ALJ and circumvent the administrative scheme established in the LHWCA.