# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2011

No. 09-60963
Summary Calendar

Lyle W. Cayce
Clerk

KENNETH CRAVEN,

Petitioner

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR; NORTHROP GRUMMAN SHIP SYSTEMS INC,

Respondents

Appeal from the United States Department of Labor
Benefits Review Board
BRB No. 08-0210

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Before the court is Claimant Kenneth Craven's appeal from the Benefits Review Board's ("Board" or "BRB") reversal of the administrative law judge's ("ALJ") award of employer-paid attorney's fees for his Longshore and Harbor Workers' Compensation Act ("LHWCA") claim. *See* 33 U.S.C. § 928(b). We AFFIRM the decision of the Board.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60963

## I. Background

Kenneth Craven sustained a work-related back injury on July 23, 2004. His employer, Northrop Grumman Ship Systems, Inc. ("Northrop"), paid benefits for temporary total disability ("TTD") until March 14, 2005, at which point it concluded that Craven was able to secure suitable alternative employment and reduced Craven's benefits to permanent partial disability payments ("PPD"). Craven disputed this reduction in benefits and, through counsel, requested an informal conference before the District Director.

The parties held an informal telephone conference with a claims examiner on August 25, 2005. The issues discussed at the informal conference included "Indemnity-AWW/Medical-Causation/Nature and Extent/[and] Permanency."[1] The claims examiner issued a Memorandum of Informal Conference ("Memorandum") the next day and advised the parties that she could not issue a recommendation because she lacked the necessary wage and medical information.[2] However, the parties did not timely receive the Memorandum, most likely due to the immediate intervention of Hurricane Katrina which rolled ashore on August 29.

On February 13, 2006, Craven requested a second informal conference, noting that the Memorandum had not been received. The District Director informed Craven that no further informal conference was needed, and Craven

---

[1] "AWW" is an abbreviation for average weekly wage. Although the director's memorandum notes that nature and extent of Craven's injury was discussed at the informal conference, it was not listed as an issue to be discussed in the notice of informal conference.

[2] The Memorandum states:

Parties have attempted to settle this claim. Current medical information should be provided to this office. Wage information should be provided to this office and to Ms. Dulin prior to issuing recommendation with regard to AWW. The employer/carrier is required to submitted [sic] an 8(f) application to this office within 30 days from the date of maximum medical improvement. If maximum medical improvement has not been attained, then the issue of 8(f) is premature.

2

filed a request for a formal hearing on March 17, 2006. Northrop's uncontested claim is that it received the Memorandum on April 3, 2006. Two days later, on April 5, before Northrop responded to the Memorandum, the case was referred to the Office of Administrative Law Judges ("OALJ") as requested by Craven. A formal hearing was scheduled for October 20, 2006.

In the days leading up to the hearing, Craven and Northrop were able to agree on a number of disputed issues, and therefore the only issue formally adjudicated before the ALJ was whether Craven was entitled to TTD payments for the time period of March 15, 2005, to October 5, 2006. The ALJ found in favor of Craven on that issue.

Craven then filed a petition for attorney's fees pursuant to § 928. Northrop objected. The ALJ stated that the only issue as to attorney's fees was "whether the absence of a written recommendation from the District Director bars Claimant's counsel's recovery of a fee under Section 928(b)." Although he acknowledged that our precedents have said a written recommendation is required, he determined that he could award attorney's fees on equitable grounds, concluding that "Employer's refusal and failure to provide the requested wage information had the same result as a denial of a recommendation to pay a specific rate." In addition to finding that Northrop acted in bad faith, the ALJ reasoned that "when formalities [are] lacking *through no fault of the Claimant* 'the Employer should not secure a windfall'" (emphasis added).

Northrop then filed a motion for reconsideration in which it contested the ALJ's finding of bad faith, arguing that it did not receive the Memorandum until April 3, 2006. The ALJ denied the motion for reconsideration without making any additional findings as to Northrop's bad faith and stating instead that "the lack of a written recommendation in this instance should not benefit the Employer and deprive Claimant's counsel of Section 928(b) fees."

No. 09-60963

The Board reversed the ALJ's award of attorney's fees, holding that § 928(b) "contains no equitable exclusion which would nullify the three statutorily enumerated criteria for fee liability to be assessed under that section."  The Board remanded to the ALJ to determine whether Craven's counsel was entitled to an award against Craven under § 928(c).  After remand and appeal on the issue of § 928(c), Craven timely appealed the Board's reversal of the ALJ's order granting employer-paid attorney's fees to this court.

## II. Analysis

"This Court conducts a de novo review of the BRB's rulings of law, . . . ." *Andrepont v. Murphy Exploration & Prod. Co.*, 566 F.3d 415, 417 (5th Cir. 2009) (quoting *Pool Co. v. Cooper*, 274 F.3d 173, 177 (5th Cir. 2001)).  We will uphold an ALJ's findings of fact when they are supported by substantial evidence and consistent with the law.  *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603 (5th Cir. 2004).

A. *Section 928(b)*

1.  Statutory Language

The Section 928(b) issue is governed by our decision in *Andrepont*, 566 F.3d at 420. *See also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975).  The ALJ awarded attorney's fees under § 928(b).[3]  Our circuit has

---

[3] In relevant part, section 928(b) states:

If the employer or carrier pays or tenders payment of compensation without an award pursuant to section 914(a) and (b) of this title, and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following such conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy.  If the employer or carrier refuses to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled.  If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than

consistently held that an award of attorney's fees under § 928(b) is only available if the statutory criteria have been met. *See, e.g.*, *Andrepont*, 566 F.3d at 420; *Staftex Staffing v. Dir., Office of Workers' Comp. Programs*, 237 F.3d 404, 409 (5th Cir. 2000), *opinion modified on reh'g on other grounds*, 237 F.3d 409 (2001); *FMC Corp. v. Perez*, 128 F.3d 908, 909-910 (5th Cir. 1997). Therefore, an award of attorney's fees under § 928(b) is appropriate only when the following conditions are met: (1) an informal conference, (2) which leads to a written recommendation from the deputy or Board, (3) the employer's refusal to adopt the written recommendation, and (4) the employee's procurement of a lawyer's services to achieve a greater award than what the employer was willing to pay after the written recommendation. *Carey v. Ormet Primary Aluminum Corp.*, No. 10-60075, 2010 U.S. App. LEXIS 25029, at *8 (5th Cir. Dec. 8, 2010).[4] Craven argues that our precedents are conflicting and have sometimes awarded attorney's fees under § 928(b) without addressing whether the statutory requirements were met. *See James J. Flanagan Stevedores, Inc. v. Gallagher*, 219 F.3d 426 (5th Cir. 2000); *Hole v. Miami Shipyards Corp.*, 640, F.2d 769, 774 (5th Cir. 1981). These cases are inapposite. They do not hold that § 928(b)'s statutory criteria need not be met in order to award attorneys' fees against the employer. *See Gallagher*, 219 F.3d at 435 n.18 (expressly reserving the issue of whether attorney's fees can be awarded under § 928(b) if the statutory criteria

---

> the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation . . . . In all other cases any claim for legal services shall not be assessed against the employer or carrier.

33 U.S.C. § 928(b).

[4] The Fourth and Sixth Circuits also require these statutory criteria to be met. *See Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 456 F.3d 616, 627 (6th Cir. 2006); *Va. Int'l Terminals, Inc. v. Edwards*, 398 F.3d 313, 318 (4th Cir. 2005).

are not met).  Because the statute expressly requires a written recommendation, which is not present here, Craven cannot recover from Northrop under this section.  *See Andrepont*, 566 F.3d at 420.

2. Equitable Exception?

The ALJ acknowledged that the claims examiner did not make a recommendation, but determined that attorney's fees could be awarded to Craven because "when formalities [are] lacking through no fault of the Claimant 'the Employer should not secure a windfall.'"  The ALJ's standard was erroneous and inconsistent with our prior holding in *Andrepont.  See* 566 F.3d at 421.

To the extent that we have recognized non-statutory exceptions to the rule that each side pays its own fees, we have required that the losing party have acted in bad faith, such as "where a party has willfully violated a court order." *See Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1004 (5th Cir. 1995).  We have noted, but left unresolved, the potential tension "regarding the ability of a court to exercise its equitable powers to assess attorney's fees for bad faith conduct in the face of a statute describing the circumstances in which fees may be assessed."  *Id*. at 1005.

We need not resolve any such tension here.  Although the ALJ found that Northrop "refus[ed] to cooperate . . . with the request for earnings records," this finding is not supported by substantial evidence.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pool Co.*, 274 F.3d at 178.  The only evidence in the record supporting a finding of bad faith is the mere fact of Northrop's failure to respond to the Memorandum.  However, Northrop's uncontested claim is that it could not have timely responded to the Memorandum because it did not receive the Memorandum until April 3, 2006, as a result of the chaos following Hurricane

6

No. 09-60963

Katrina.[5] Though Northrop raised this point before the ALJ in its motion for reconsideration, the ALJ made no further findings regarding Northrop's bad faith.

Assuming arguendo that an equitable exception exists to § 928(b)'s requirements, it is not available here. Viewing the record as a whole, the ALJ could not reasonably conclude that a "fraud has been practiced upon [the court], or that the very temple of justice has been defiled" as has been required in other cases where statutory authorization is lacking. *Boland Marine*, 41 F.3d at 1005 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). Because the facts essential to finding that Northrop did not act in bad faith are undisputed, we need not remand the case to the ALJ for further findings regarding Northrop's bad faith.

Due to the lack of a written recommendation, the statutory requirements of § 928(b) have not been met in this instance, and equitable relief for bad faith, if ever available under § 928(b), is not available here. We therefore hold that Craven is not entitled to attorney's fees under § 928(b).[6] We further note that this result cannot properly be described as a "windfall" to Northrop. By holding that § 928(b) does not effectuate a shift in attorney's fees, we place the litigants in their traditional role regarding attorney's fees.

---

[5] Because Craven had requested referral to the OALJ before Northrop received the Memorandum, even if Northrop had acted immediately upon receipt of the Memorandum, it is unlikely that the District Director could issue an informal recommendation. *See* 20 C.F.R. § 702.316 ("[I]f any party has requested a hearing, the district director shall prepare the case for transfer to the Office of the Chief Administrative Law Judge."); *see also Devor v. Dep't of the Army*, 41 BRBS 77, 84 (2007) (stating that no written recommendation was made where the claimant requested referral concurrently with notifying director that claim would not settle).

[6] Because the lack of a recommendation is fatal to all of Craven's issues, we need not address whether the Craven can recover attorney's fees for those claims for which Craven received a favorable stipulation.

No. 09-60963

B. *Section 928(a)*

Craven also argues that he is entitled to attorney's fees under § 928(a). We have consistently held that § 928(a) is only available where the employer fails to make *any* compensation for the injury. *See, e.g.*, *Andrepont*, 566 F.3d at 418-19; *see also Savannah Mach. & Shipyard Co. v. Dir., Office of Workers' Comp. Programs*, 642 F.2d 887, 889 (5th Cir. 1981) ("Since the Shipyard tendered partial compensation, we agree that Section [928(a)] is inapplicable to the situation at hand."); *cf. Weaver v. Dir., Office of Workers' Comp. Programs*, 282 F.3d 357, 359-60 (5th Cir. 2002) (requiring "employer controversion of the *claim*," not simply the amount of the claim, as Northrop does here) (emphasis added). Here it is undisputed that Northrop made payments to Craven throughout the dispute. Therefore, Craven is unable to recover attorney's fees under this section.

C. *Waived Claims*

For the first time on appeal, Craven argues that an interpretation of § 928(b) which makes an informal recommendation a prerequisite to an award of attorney's fees violates § 19(d) of the LHWCA, due process, and several sections of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. This argument was raised for the first time in Craven's petition for review to this court and thus has been waived. *See Aetna Cas. & Sur. Co. v. Dir., Office of Workers' Comp. Programs*, 97 F.3d 815, 819 (5th Cir. 1996) (deeming argument not raised before the BRB waived). Similarly, Craven also argues that fees can be awarded under Federal Rules of Civil Procedure 26 and 37 for failure to cooperate in discovery. This argument also has been waived for failure to raise it to the BRB. *See id.*

### III. Conclusion

For the foregoing reasons, we AFFIRM the decision of the Board denying employer-paid attorney's fees to Craven.

8