# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2013

No. 12-60262
Summary Calendar

Lyle W. Cayce
Clerk

WARREN SIMMONS,

Petitioner

v.

DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS,
US DEPARTMENT OF LABOR;
NORTHROP GRUMMAN SHIP SYSTEMS INCORPORATED,

Respondents

Petition for Review of an Order of the
Benefits Review Board
BRB No. 11-424

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Warren Simmons ("Simmons") appeals an order of the Benefit Review Board's ("Board" or "BRB") denying employer-paid attorney's fees under the  Longshore and Harbor Workers' Compensation Act ("LWHCA"), 33 U.S.C. 901 *et seq.* (2010).  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Simmons injured his ankles at work on October 7, 2004. His employer, Respondent Northrop Grumman Ship Systems, Inc. ("Northrop"), paid temporary total disability ("TTD") benefits from October 8, 2004 until June 13, 2005. On July 27, 2005, Northrop received notice that Simmons filed a claim for additional compensation. Although Northrop controverted the claim, it paid Simmons TTD benefits for July 21 and 22, 2005, and reinstated TTD benefits on August 2, 2005. In 2006, while receiving TTD benefits, Simmons sought additional compensation for a back injury he also sustained in the 2004 work incident. Northrop disputed that injury but nevertheless continued to pay TTD benefits through May 10, 2007.

At an informal conference before the District Director in July 2009, Simmons asserted that he should be allowed to be treated by a different physician, Dr. Rosenfeld, and that Northrop owed him additional compensation for his back injury. The District Director disagreed, finding that Simmons was not authorized to switch physicians and Simmons needed to submit medical records from his treating physician, Dr. Juneau, to determine whether he was entitled to additional compensation.

Upon Simmons's request, the case was transferred to the Office of Administrative Law Judges for a formal hearing in August 2009. The ALJ found that (1) Simmons's back injury was caused by the 2004 work-incident; and (2) Northrop had constructively denied Simmons treatment because Dr. Juneau stated that he could do nothing further to help alleviate Simmons's back pain. Accordingly, the ALJ concluded Simmons did not need authorization to see Dr. Rosenfeld and awarded Simmons TTD compensation and medical benefits for the back injury.

Following the ALJ's award of benefits, Simmons's counsel filed fee applications with both the district director and the ALJ, asserting that he was entitled to employer-paid attorney's fees pursuant to § 28(a) and § 28(b) of the LHWCA. 33 U.S.C. §§ 928(a)-(b). The District Director found that because

Northrop had voluntarily paid some benefits and did not reject any of his recommendations, Simmons's counsel was not entitled to employer-paid attorney's fees under either provision.[1]  In contrast, the ALJ held  Northrop liable for attorney's fees pursuant to § 28(a) because Simmons prevailed on the issues whether he was authorized to switch physicians and receive benefits for his back injury.  The BRB,  concluding that the requirements of neither § 28(a) nor § 28(b) had been met,  affirmed the District Director's denial of attorney's fees and reversed the ALJ's award of attorney's fees,  Simmons timely petitioned this court for review.

This court conducts a de novo review of the BRB's rulings of law. *Andrepont v. Murphy Exploration & Prod. Co.*, 566 F.3d 415, 417 (5th Cir. 2009). An ALJ's findings of fact are upheld when they are supported by substantial evidence and are consistent with the law.  *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603 (5th Cir. 2004).  This court affords *Skidmore* deference to the director's interpretations of the LHWCA, examining "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."  *See id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 164 (1944)).

Section 28(a) only applies when "the employer . . . declines to pay *any* compensation" within thirty days after receiving notice of a claim for compensation.  33 U.S.C. § 928(a) (emphasis added).  When Northrop received notice of Simmons's initial claim on July 27, 2005 it compensated Simmons within thirty days by reinstating TTD benefits on August 2, 2005.  That Simmons subsequently sought *additional* benefits for his back injury does not change the fact that Northrop timely paid *some* compensation for the claim.  *See*

---

[1] The district director subsequently denied Simmons's motions for reconsideration and ordered Simmons to pay his attorney pursuant to 33 U.S.C. § 928(c).

*Andrepont*, 556 F.3d at 418–19; *Newport News Shipping & Dry Dock Co. v. Director*, 474 F.3d 109, 113 (4th Cir. 2006). The BRB correctly concluded that § 28(a) is inapplicable.

Section 28(b) may apply to this case in which Northrop paid some compensation "and thereafter a controversy developed over the amount of additional compensation, if any, to which the employee [Simmons] may be entitled" for his back injury. 33 U.S.C. § 928(b). Under § 28(b), attorney's fees may only be awarded against the employer when the following statutory events have occurred: (1) an informal conference; (2) a written recommendation from the deputy or Board; (3) the employer's refusal to adopt the written recommendation; and (4) the employee's procurement of a lawyer's services to achieve a greater award than the employer was willing to pay after the written recommendation. *Carey v. Ormet Primary Aluminum Corp.*, 627 F.3d 979, 982–83 (5th Cir. 2010).

Here, the first two requirements of § 28(b) were met because an informal conference was held July 2009; and the District Director issued a written recommendation as detailed above. However, the third requirement was not fulfilled because Northrop did not refuse to adopt the those recommendations. It is irrelevant that Northrop subsequently disagreed with the *ALJ's* contrary findings because § 28(b) mandates that the employer must refuse the written recommendation of the *deputy or Board*. *See Andrepont*, 566 F.3d at 421. Further, nothing in the LHWCA or any case law supports Simmons's assertion that there is an "equitable exception" that allows fee-shifting even when § 28(b)'s requirements are not fully met. Therefore, the BRB properly reversed the ALJ and affirmed the District Director's denial of attorney's fees payable by Northrop pursuant to §§ 28(a) and (b).

Simmons also asserts that this is an action by a seaman "for wages or salvage or the enforcement of laws enacted for [his] health or safety" so it can be

prosecuted without prepaying fees or costs or furnishing security therefor. *See* 28 U.S.C. § 1916. Simmons, however, is a longshoreman bringing a claim under the LHWCA, which specifically excludes coverage for seamen. 33 U.S.C. § 902(3)(G); *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 347 (1991). Simmons is not entitled to any benefits granted to seamen under § 1916.

For the foregoing reasons, we AFFIRM the decision of the Board denying employer-paid attorney's fees to Simmons.