# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60617
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2015

JOSEPH G. ALBE,

Lyle W. Cayce
Clerk

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR;
HUNTINGTON INGALLS, INCORPORATED,
formerly known as Northrop Grumman
Shipbuilding, Incorporated,

Respondents

Petition for Review of an Order
of the Benefits Review Board
BRB No. 14-0015

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This is an appeal from an adverse Benefits Review Board decision by a longshoreman's attorney to recover fees owed by his client directly from the employer pursuant to the Longshore and Harbor Workers' Compensation Act,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60617

33 U.S.C. § 928(c).  Previously, this court upheld the denial of employer-paid attorneys' fees pursuant to 33 U.S.C. § 928(a) or (b).  *See Simmons v. Dir., OWCP, U.S. Dep't of Labor*, 509 F. App'x 337 (5th Cir. 2013).

Albe's new claim stems from his contention that in addition to an approved fee contract with his client Simmons, he had a lien on the compensation benefits, and the employer became obliged to deduct fees from its payments to Simmons (who unfortunately died before Albe could pursue payment from him).  The Benefits Review Board rejected Albe's new claim in a succinct and clear opinion, which points out that Albe did not fulfill his duty to have the district director and administrative law judge "fix in the award approving the fee, such lien and *manner of payment*."    33 U.S.C. § 928(c) (emphasis added).

This court reviews Benefits Review Board decisions for substantial evidence and errors of law.  *Conoco, Inc. v. Dir., OWCP, U.S. Dep't of Labor*, 194 F.3d 684, 687 (5th Cir. 1999).  Albe does not challenge the Benefits Review Board's recitation of the facts, and we find no error of law in its interpretation of Albe's duty to perfect, or have "fixed" a lien against the employer's payment of benefits.

The petition for review of the judgment of the Benefits Review Board is DENIED.